R. H. ABRAHAM vs. ROBERT HOLLOWAY. (1st Case.)

July 2, 1889.

Execution Sales of Real Estate under Successive Judgments—Redemption by Junior Lienholder.— Two successive judgment liens were secured upon the same land. Execution sales were made of this land, first under the junior judgment, and a few days later under the senior judgment, the judgment creditors being the purchasers. The judgment debtor did not redeem within the year allowed therefor. In due time a junior lienholder (the plaintiff) attempted to redeem from the first sale (under the junior judgment) by presenting the proper proof to the clerk of the court, and tendering the amount for which that sale was made, with interest. The purchaser, (defendant,) who had then acquired by purchase and assignment the sheriff's certificate of sale under the senior judgment, persuaded the clerk to refuse to accept the tender, or to give his certificate of redemption, the defendant claiming that such redemption could only be made by paying also the amount represented by such certificate of sale under the senior judgment. The plaintiff's time to redeem from that sale, under the senior judgment, had not yet arrived. Held, that the plaintiff was entitled to redeem from the first execution sale by payment of only the amount for which that sale was made, with interest.

Same—Tender held Effectual to Preserve Right to Redeem.—The plaintiff, by making such tender, doing all that he was required to do to redeem, preserved his right as a creditor having a lien to redeem from the second execution sale, (under the senior judgment,) when his proper time for doing so should arrive; nor was that right lost by the fact that he had not kept good his tender.

Same—Redemption from Later Sale under Senior Judgment.—To re-
deem from the later execution sale (under the senior judgment) the plain-
tiff was only required to pay the amount for which that sale was made,
with interest. He was not required to again tender also the amount for
which the land had been sold under the junior judgment, although the
purchaser (defendant) had, subsequent to the plaintiff's first attempted
redemption, assumed to redeem from the later execution sale, after he
had purchased the sheriff's certificate of that sale.

Appeal by defendant from an order of the district court for Becker
county, refusing a new trial after trial by *Mills, J.,* without a jury.

*Wm. B. McIntyre, E. W. Rossman,* and *I. M. Kirkpatrick,* for ap-
pellant.

*Kitchel, Cohen & Shaw,* for respondent.

DICKINSON, J. This action was commenced, under the statute, to
determine adverse claims to real estate, consisting of section 19,
township 140, range 43. Both parties claim to have acquired title
from a common source,—the Minnesota Land Company. Several
judgments for the recovery of money were rendered and docketed
against the Minnesota Land Company, the owner of this land, in the
order and at the times here stated, viz.: The senior judgment in
favor of one Hawley, December 20, 1883; the third judgment in or-
der of seniority in favor of the defendant Holloway, January 11, 1884;
the fifth in order in favor of the plaintiff, Abraham, May 2, 1884;
and the two others in favor of other parties at later dates. October
27, 1884, the third or Holloway judgment was enforced by a sale
under execution of this section 19, and also by a sale of other lands,
being section 5 in the same township, and section 33 in township
141, range 43. Holloway purchased the lands at that sale. Novem-
ber 3, 1884, the senior (Hawley) judgment was enforced by execution
sale of this section 19, Hawley being the purchaser. The holders
of all the four judgments junior to that of Holloway, including this
plaintiff, filed notices of intention to redeem from Holloway's execu-
tion sale. The holders of the four judgments next junior to that un-
der which Hawley sold, including both this plaintiff and defendant,
also filed notices of intention to redeem from that sale. No redemp-

tion was ever made by the judgment debtor (the Minnesota Land Company) from either sale.

November 6, 1885, Holloway purchased from Hawley the sheriff's certificate of sale under the senior (Hawley) judgment, and procured an assignment of that certificate to himself. On the same day, this being the last day allowed by statute within which this plaintiff, Abraham, might redeem from the sale under the Holloway judgment, the plaintiff attempted to make such redemption. He produced to the clerk of the district court the proper evidence of his right to redeem, as prescribed by statute, and tendered to the clerk the amount necessary to be paid, if he had a right at that time to redeem from that sale alone. Holloway, being present, claimed that the plaintiff must also pay the amount represented by the certificate of the Hawley execution sale, which certificate Holloway then held. He thus induced the clerk to refuse to receive the money tendered, or to give a certificate of redemption. The plaintiff did not always afterwards keep on hand the same money thus tendered, but has at all times been ready, able, and willing to pay the amount, and pleads his willingness to do so in this action. November 11, 1885, the defendant, Holloway, then holding by assignment the sheriff's certificate of sale under the Hawley judgment, assumed to redeem therefrom, pursuing the form of preparing the proper proofs of his right to do so, and executing to himself a certificate of redemption. November 20, 1885, this being within the proper period of five days allowed by statute to the plaintiff to redeem from the Hawley sale, (five days after the expiration of the year allowed to the judgment debtor to redeem being given to each lien creditor successively in the order of seniority,) the plaintiff redeemed from that sale, presenting to the clerk of the court the proper proof of his right to do so, paying to him the amount bid at the sale, with interest, and receiving a certificate of such redemption.

If this last redemption by the plaintiff from the sale under the senior judgment was valid, he thereby acquired title to the land. Was he then a creditor having a lien upon the property, with the consequent right of redemption? or had his lien already been extin-

guished by failure to do what was necessary in order to redeem from the sale under the intermediate Holloway judgment? If the plaintiff, in attempting, on November 6th, to redeem from the Holloway sale, did all that he was required to do, the refusal of the clerk to recognize his right of redeeming did not prejudice him. It did not operate to extinguish his right of subsequently and in proper time redeeming from the Hawley sale. *Schroeder* v. *Lahrman,* 28 Minn. 75, (9 N. W. Rep. 173.) Certainly this defendant, being present, and having by the claim then asserted induced the clerk to refuse to accept the money tendered and to give his certificate of redemption, should not now be heard to say that the plaintiff lost his right to redeem from the Hawley sale because he did not redeem from the Holloway sale, if in fact the plaintiff did all that he was required to do to entitle him to a certificate of redemption from the latter sale.

The plaintiff was not required, for the purpose of redeeming on the 6th of November from the Holloway sale, to pay the amount for which sale had been made under the Hawley judgment. Although Hawley's was the senior judgment, the sale under it was not made until after that under the junior judgment, and hence the proper time, as prescribed by statute, for the plaintiff to redeem from the former had not yet arrived. Nor was that time affected by the defendant's purchase of the sheriff's certificate. The statute (Gen. St. 1878, c. 66, § 322) declares that the sheriff's certificate of sale "shall, upon the expiration of the time for redemption, operate as a conveyance to the purchaser or his assigns of all the right, title, and interest of the person whose property is sold in and to the same, at the date of the lien upon which the same was sold, without any other conveyance whatever." The interest which Holloway had in the property on the 6th of November, by virtue of his purchase of the certificate of sale under the Hawley judgment, was not a mere *lien* which the plaintiff must then pay in order to effectually redeem from the Holloway sale. The year had then expired within which alone the judgment debtor and its successor in interest could redeem. As to the judgment debtor, whose property had been sold, and whose right to redeem had expired, the certificate of sale had already become effectual as a conveyance of the legal title. The title was, however, held by the pur-

chaser, or his assignee, Holloway, subject to the further right of re-
demption by subsequent lienholders within the time allowed them
therefor, and redemption by any such lienholder would operate as an
assignment or transfer to the redemptioner of the right acquired un-
der the sale. Gen. St. 1878, c. 66, § 326; *Sprague* v. *Martin*, 29
Minn. 226, (13 N. W. Rep. 34.)

The fact that the plaintiff did not deposit with the court the money
tendered did not prejudice his case. The refusal of the tender may
be treated, under the circumstances, as the act of the defendant, who
was present, influencing the action of the clerk. The plaintiff might
at once, upon the refusal of the tender, have maintained an action to
enforce his right of redemption from the Holloway sale. His right,
as a creditor having a lien, to redeem from the Hawley sale in proper
time, remained unimpaired. That right he still had when, two weeks
later, he made such redemption. He had not been put in default in
respect to his obligation to Holloway. The latter, having in effect
refused the tender, had not changed his attitude by demanding, or by
signifying his willingness to receive, the money.

We do not consider that the plaintiff, who, in this action, pleads
his readiness to pay the amount necessary to redeem from the Hollo-
way sale, forfeited his right to redeem from the Hawley sale by the
fact that he had not kept the identical money tendered, ready to be
paid on demand. *Lamb* v. *Jeffrey*, 41 Mich. 719, (3 N. W. Rep. 204;)
*Thomas* v. *Jones*, 84 Ala. 302, (4 South. Rep. 270;) 2 Jones, Mortg.
§ 1095.

We come now to consider the effect of the defendant's assumed re-
demption on November 11th, as respects the validity of the plaintiff's
redemption, November 20th, from the Hawley judgment sale. What-
ever right the defendant had to make that redemption was by virtue
of his being a creditor, with a lien upon the property. As to persons
standing in that position, the right of redemption is given so that
the creditor may have the property applied or made available for the
satisfaction of his debt. He, in common with other lien creditors,
is entitled to get his money out of the property, but by the means
which the statute provides. For the purpose of having the property,
to which several creditors are looking for the satisfaction of their re-

spective debts, applied so as to satisfy as many as possible, the statute has prescribed how, in the order of seniority, they must proceed. In accordance with this statute the plaintiff, on the 6th of November, did all that he was required to do, to redeem from the Holloway sale. If his tender had been accepted, Holloway's debt would have been paid, and the purpose of the statute accomplished so far as he was concerned. He would not have been entitled subsequently to redeem from the Hawley sale. The plaintiff would have been entitled to redeem from the Hawley sale by paying the amount then bid, with interest. While the plaintiff's tender and the defendant's refusal had not the effect to absolutely extinguish the defendant's debt and consequent right of redemption, it did, as we think, affect the relations and duties of these parties with respect to each other in their subsequent conduct. The plaintiff, having thus placed himself in the position of a redemptioner from Holloway's sale, was entitled to act as such a redemptioner might and should do in respect to subsequent proceedings under the statute, although the defendant refused to recognize him as a redemptioner. So long as he was in no respect in default as respects his obligation to pay Holloway, he might act as though he had paid him. He might redeem from the Hawley sale just as he might have done if his previous tender of redemption had been accepted.

The plaintiff had an absolute right to redeem from Holloway's sale. The statute prescribing the manner in which he might subsequently redeem from the later (Hawley) sale being framed upon the theory that one standing in his position has preserved his right to do so by having redeemed from the earlier (Holloway) sale, the defendant's refusal to accept the tendered redemption should not be allowed to interfere with the exercise of the plaintiff's further right of redemption, in accordance with the provisions of the statute. If the plaintiff had not put himself in the equitable position of a redemptioner from the Holloway sale, he had no right to redeem from the Hawley sale at all. If he had placed himself in that position, he was entitled to redeem by complying with the requirements of the statute,—that is, by paying the amount bid at the Hawley sale, with interest. As between these parties, and in the contemplation

of equity, the plaintiff should, for the purpose of determining his right to redeem from the Hawley sale, and the mode of doing so, be deemed to have already made redemption from Holloway. If, before the plaintiff came to redeem from the Hawley sale, he had been placed in default in respect to his obligation to pay to the defendant the amount necessary to redeem from the Holloway sale, (as, for instance, by a refusal upon demand to pay the money which had been tendered,) that would probably have terminated the right of the plaintiff to proceed further as a redemptioner. But he is not chargeable with any such default, and now comes into court pleading his willingness still to pay what the defendant has hitherto refused to accept. The determination of the court protects the defendant in the right to receive that money. The purpose of the statute will have been accomplished. The defendant will secure the payment of his debt. The plaintiff will also secure satisfaction, if the property is of sufficient value.

We attach no importance to the plaintiff's disregard of a communication from the clerk of the court, in December following the events to which we have referred, stating that he would then permit the plaintiff to redeem from the Holloway sale, and would issue a certificate of redemption upon payment of the sum before tendered. This communication was made officially, and not, so far as appears, as the authorized agent of the defendant. The officer had then no authority to issue a certificate of redemption, and the plaintiff was not required to pay the money to him without receiving a proper certificate.

The findings of fact made by the court, so far as material to the case, are sustained by the evidence.

Order affirmed.

MITCHELL, J. I concur in the result.

NOTE. A motion for reargument of this case was denied July 16, 1889.