# EUGENE GERMANN v. GREAT NORTHERN RAILWAY COMPANY.[1]

### April 28, 1911.

### Nos. 17,050—(58).

**Assault and battery — excessive damages.**

In an action to recover damages alleged to have been suffered by reason of an assault and battery committed upon plaintiff by one of defendant's train employees, a new trial is granted on the ground that the damages awarded by the jury were excessive.

Action in the district court for Polk county to recover $10,000 for assault and battery. The facts are stated in the opinion. The case was tried before Watts, J., and a jury which returned a verdict in favor of plaintiff for $2,000. From an order denying defendant's motion for a new trial, provided plaintiff consent to a reduction of the verdict to $1,000, defendant appealed. Reversed.

*J. D. Sullivan,* for appellant.

*W. E. Rowe,* for respondent.

BROWN, J.

Plaintiff was a passenger on one of defendant's trains from Grand Forks, in North Dakota, to Crookston, this state. He became involved in a fistic and thumb-chewing altercation with a col-

[1]Reported in 130 N. W. 1021.

ored cook employed in the buffet car, and brought this action to recover damages for injuries resulting therefrom, charging in his complaint that the colored cook wilfully, violently, and wantonly assaulted him, and struck, beat, and bruised his head, body, and limbs. Plaintiff had a verdict in the court below for $2,000. Defendant thereafter moved for a new trial upon the grounds: (1) That the damages awarded by the jury were excessive, and were given under the influence of passion and prejudice; and (2) that the verdict was not sustained by the evidence. The trial court denied the motion, on condition that plaintiff remit from the verdict the sum of $1,000. Plaintiff accepted the condition, and filed the proper stipulation reducing the verdict. Defendant appealed.

We conclude, after a full examination of the record, that the damages awarded by the jury are far in excess of what plaintiff was entitled to under the evidence, and that the action of the jury in assessing them can only be accounted for on the theory of passion and prejudice. Having reached the conclusion that the verdict should be reduced one-half, the trial court should have gone one step further and ordered a new trial.

Plaintiff's injuries were not of a serious character, and we are strongly impressed that he brought on the difficulty with the colored cook by his offensive language towards him. Plaintiff entered the day coach with two companions, and immediately ordered and directed the cook, who happened to be in the car at the time, gathering up soiled linen to send to the laundry, to turn one of the seats so that plaintiff and his companions could be seated together. The cook had nothing to do with the operation of the train, and, so far as the record discloses, did not possess the necessary key to enable him to unlock and turn the seat. He was garbed in the clothing of a cook, and not as an ordinary trainman, thus furnishing to plaintiff evidence of his rank and station in the train service. The evidence is clear that plaintiff and his companions had been drinking, and were, to some extent at least, under the influence of intoxicants. The cook failed to respond to the order to turn the seat, and plaintiff evidently lost his patience, and in a loud voice referred to him as a "coon,"

and again insisted that he turn the seat. The cook, who at the time was engaged in a conversation with a white lady passenger a few seats down the aisle, answering some questions in reference to the train service, made no response to plaintiff's order. Presently, however, he started for his own car, the buffet car, and as he passed plaintiff the altercation took place.

Plaintiff claims that the cook rushed upon and struck him, while the latter claims that, as he was about to pass down the aisle, plaintiff seized him by the throat, and that, in resisting plaintiff's effort to choke him, he employed such means as he thought necessary for the purpose. The altercation was immediately resumed in the buffet car, where the combatants were separated by the trainmen. While there is a square conflict in the evidence as to which party commenced the assault, it is apparent that plaintiff's conduct and language toward the colored man brought on the difficulty; and, though plaintiff's conduct or language would not constitute a legal justification for the assault upon him,-it was a proper matter for consideration in mitigation of damages. On the whole, we are satisfied that the jury did not give impartial consideration to the case, and were actuated by prejudice, and that a new trial should be granted. The fact that the trial court reduced the verdict does not render a new trial unnecessary. Gunderson v. Northwestern Elev. Co., 47 Minn. 161, 49 N. W. 694.

The question whether the trial court erred in instructing the jury that, if they found the assault to have been malicious, exemplary damages might be awarded, was not made the basis of defendant's motion for a new trial, and is not therefore considered.

Order reversed.