EUGENE GERMANN v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 26, 1912.

Nos. 17,483—(51).

**Exemplary damages.**

*Held*, in this a personal injury action, that the evidence justified the submission of the question of exemplary damages to the jury, and that the award of damages is not so large as to justify a reversal of an order denying a new trial.

After the former appeal, reported in 114 Minn. 247, 130 N. W. 1021, the action was tried before Watts, J., and a jury which rendered a verdict in favor of plaintiff for $1,100. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*J. D. Sullivan,* for appellant.

*W. E. Rowe* and *Charles Loring,* for respondent.

START, C. J.

The plaintiff was a passenger on a railway train of the defendant,

1 Reported in 135 N. W. 750.

and became involved in a difficulty with the defendant's employee on the train, a colored cook, who, as the plaintiff claims, assaulted and beat him. This action was brought for the recovery of damages from the defendant on account of injuries sustained by the plaintiff by the assault. The result of the first trial was a verdict in favor of the plaintiff for $2,000. The defendant's motion for a new trial was denied, upon condition that plaintiff consent to a reduction of his verdict to $1,000. He complied with the condition, and the defendant appealed from the order. This court reversed the order, and granted a new trial on the ground that the damages were so excessive as to justify the conclusion that they were awarded under the influence of passion and prejudice. Germann v. Great Northern Ry. Co. 114 Minn. 247, 130 N. W. 1021.

On the second trial of the action there was a verdict for the plaintiff for $1,100, as stated in the return. The defendant appealed from an order denying its motion for a new trial, and here urges that the order must be reversed, and a new trial granted, on the ground that the verdict is excessive, and given under the influence of passion and prejudice, and, further, that the trial court erred in submitting to the jury the question of exemplary damages. It is not claimed that the instruction as to exemplary damages was not, as an abstract proposition, legally correct; but it is insisted that the evidence did not justify the submission of the question to the jury.

It appears from the evidence that the plaintiff, with two friends, took seats in a day coach of the train, and that the plaintiff repeatedly asked the cook, evidently believing that he was the porter, to open one of the seats in the car, to which requests the cook gave no heed by word or act. A fight followed, but as to which party opened it the evidence is conflicting. If it was the cook, the admitted fact that the plaintiff called him a "coon" mitigates, but does not justify, his act; and, if the fight had not been renewed, the submission to the jury of the question of exemplary damages would have been error. The evidence, however, taking the most favorable view of it for the plaintiff, tends to show that the plaintiff's face was cut and was

bleeding as a result of the altercation in the day coach; that he went into the toilet room, got a towel, and washed the blood from his face, and then, taking the towel with him, he started for the chair car, where his friends had gone; that after he got into the chair car, some minutes after the first fight ended, and was peaceably proceeding up the aisle, the cook came up behind him, struck him over the head with a bunch of keys, knocking him down, then pounded him over his head and on his face, got hold of his thumb and chewed it, cut his head, eyebrow, and upper lip, and, further, that after the parties were separated, and when the train arrived at Crookston, the conductor took the plaintiff from the train and turned him over to the defendant's physician for medical treatment, who did treat him for four days.

The doctor in his testimony described the plaintiff's injuries as follows: "He was very much covered up with blood, and the right side of his head here was scratched up, just like scratches, and I remember the eyelid was cut so it hung down; a cut over the lid, so the lid hung down. The upper lip was cut through, and there was a straight cut across the back of the head here (indicating). * * * The right thumb was bitten almost to the bone on both sides, right near the joint."

The evidence to which we have referred was contradicted in material particulars by evidence on behalf of the defendant. The evidence on behalf of the plaintiff, if true, and of this the jury were the judges, tends to show that the assault on the plaintiff in the chair car was malicious and vicious, and justified the trial court in submitting to the jury the question of exemplary damages. While we regard the award of damages, in view of all the facts disclosed by the evidence, as very liberal, yet it is not so large as to justify us in setting aside a second verdict and sending the case down for a third trial.

Order affirmed.