ADOLPH L. PROKOP ET AL. V. WILLIAM A. GOURLAY.

FILED JULY 1, 1902.   No. 11,978.

Commissioner's opinion, Department No. 3.

1. **Sale of Personal Property:** AGENT: COMMISSION: DELIVERY: TIME. Where the owner of personal property delivers it to another for sale on commission, and no time is fixed within which such sale is to be made, the law will imply a reasonable time.

2. ——: ——: ——: ——: ——: BAILEE: PETITION. In such case, where the owner seeks to recover possession of the property from his bailee, a petition which does not allege that a reasonable time has expired for making such sale, is fatally defective.

3. **Petition:** ALLEGATION: INSTRUCTION. In the absence of such allegation, instructions submitting the question of conversion to the jury, are erroneous.

ERROR from the district court for Saline county. Tried below before LETTON, J. *Reversed.*

*Hastings & Hastings*, for plaintiffs in error.

*Fayette I. Foss, Ben V. Kohout* and *R. D. Brown*, contra.

ALBERT, C.

William A. Gourlay filed his petition in the district court against Adolph Prokop and Joseph Jiskra, which, omitting the formal parts, is as follows:

"1. The plaintiff complains of the defendants for that on or about the 16th day of May, 1898, the defendant Adolph Prokop kept a store and warehouse at Wilber, Saline county, Nebraska; that soon after May 16th, 1898, Joseph Jiskra became a partner with the said Adolph Prokop; that they kept in their store and warehouse a stock of furniture; that the plaintiff is engaged in and is a dealer in musical instruments; that the defendants desired to sell musical instruments on commission for the plaintiff and desired to have a musical instru-

ment sent to them that they might keep the same on exhibition and for the purpose of sale, and in consideration of the said plaintiff sending the said musical instrument to the said defendants that they might have it for the purpose of sale, the defendants agreed to stow and safely keep in said store the following goods which the plaintiff sent to them under the foregoing arrangement, to wit: 1 crown organ, 1 organ stool, 1 organ instruction book— of the value of $68, which was the property of the plaintiff, and the defendants as storekeeper and warehousemen received said goods and agreed to keep the same safely.

"2. At the time the said goods were delivered to the defendants, the plaintiff informed them that it was necessary for their preservation that they should be safely kept and insured.

"3. The defendants while said goods were in said store and warehouse, neglected and did not insure the same, but permitted said goods to be burned and destroyed on or about the 1st day of May, 1899, whereby said goods were injured and wholly lost to the plaintiff to the damage of the plaintiff in the sum of $68.

"4. The plaintiff says that on or about March 10, 1899, he made a demand for said organ, stool and instruction book of the defendants, and desired the said organ, stool and instruction book be returned from said defendants to the plaintiff, but said defendants refused to deliver the above-named articles to the plaintiff, and the defendants have never paid for the same though often requested so to do.

"5. Wherefore the plaintiff asks judgment against the defendants for the sum of $68 with interest from the 10th day of March, 1899, and costs of suit."

In our view of the case, the nature of the answers is immaterial. There was a verdict and judgment for the plaintiff. The defendants join in error to this court.

The first ground relied on for a reversal in this case is that the court erred in overruling a demurrer *ore tenus* to the petition. It is not easy to determine, from an in-

spection of the petition, whether the plaintiff's action was brought to recover for damages sustained by reason of the negligence of his bailees, or for damages for the conversion of the property by such bailees. But, as the evidence is insufficient to justify a recovery on the ground of negligence, and the plaintiff presented his case on the other theory, the sufficiency of the petition to sustain the judgment should be tested by the rules of pleading applicable to actions for conversion. Tested by those rules, the petition is insufficient. No time was fixed for the termination of the contract under which the property was left with Prokop by the plaintiff. That being true, the law will imply a reasonable time. In other words, the plaintiff would have a right to a return of the property only after the bailee had had a reasonable time in which to make the sale contemplated by the contract, and a demand before the expiration of such time would be premature. It will be conceded that, had the time been expressly fixed by the contract, the plaintiff in an action of conversion would have been required to allege the expiration of the contract, or some violation of it, to state a cause of action. The only difference between a case of that kind and the present is that in this case, instead of the time the defendant might retain possession of the property being expressly fixed by the contract, it is implied. It is just as essential that the expiration of the time be alleged, where it is implied, as where it is expressly stated, and the omission of such allegation is fatal to the petition in this case. If the only question presented was the sufficiency of the petition to sustain the judgment, taking into account all the allegations, it might be held sufficient. But the theory of conversion was submitted to the jury. The evidence is insufficient to sustain the verdict on any other theory. The instructions in that regard are complained of by the plaintiff. We wish to be understood that we merely hold that the petition is insufficient to state a cause of action in conversion. If it is, then all instructions predicated on that theory are erroneous.

It is recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.