CLARK, RESPONDENT, *v.* OREGON SHORT LINE RAILROAD CO., APPELLANT.

(No. 1,739.)

(Submitted December 10, 1903.   Decided December 26, 1903.)

*Pleading—Pleas in Abatement—Misnomer—Amendment.*

Where defendant answered in abatement for misnomer, alleging its true name, it was error for the court to enter judgment on the merits against defendant, but plaintiff should have amended in accordance with the answer, its truth being conceded, or the action have been abated.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by William D. Clark against the Oregon Short Line Railroad Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

*Mr. John G. Willis,* for Appellant.

*Mr. J. E. Healy,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the opinion for the court.

The plaintiff commenced this action to recover of "The Oregon Short Line Railway Company" the sum of $1,950 for

damages alleged to have resulted to him by reason of injury done to his flume and irrigating ditch caused by a change in the grade of its road. Summons and a copy of the complaint were served on the "General Agent of the Oregon Short Line R. R.," as the sheriff attests, July 30, 1901. On August 17, 1901, defendant's counsel filed what he designated an answer, in which it is alleged that the true name of the defendant is and ever has been, "Oregon Short Line Railroad Company," and not "The Oregon Short Line Railway Company," in which name it is sued. Defendant prayed that the action abate. On the day the answer was filed plaintiff filed a motion for a judgment on the pleadings, on the ground that "the allegations of the plaintiff's complaint are admitted by the said appearance, and that the misnomer of the defendant corporation in no wise affects the merits of this action, and that it clearly appears, from the allegations of the defendant's so-called plea in abatement, that the defendant named in the complaint and the actual wrongdoer mentioned in said defendant's plea in abatement are one and the same person." Thereafter the court granted the motion, and entered judgment for the plaintiff in accordance with the prayer of his complaint. From this judgment the defendant has appealed.

So far as the record discloses, the plaintiff never amended his pleadings in any way. "The Oregon Short Line Railway Company," the name by which defendant was originally designated, was carried through the record until the entry of judgment. This document is entitled, "The Oregon Short Line Railway Company, Corporation, otherwise Oregon Short Line Railroad Company, Corporation," but in the body thereof the court adjudged that the plaintiff "do have and recover of and from the defendant Oregon Short Line Railroad Company (a corporation organized and existing under and by virtue of the laws of the state of Utah) the sum of nineteen hundred and fifty dollars," etc.

Did the court err in thus entering the judgment? Under the common law the misnomer of a defendant was taken advantage

of by plea in abatement. This plea, as is said by Chitty, "must not only point out the plaintiff's error, but must show him how it may be corrected, and furnish him with materials for avoiding the same mistake in another suit in regard to the same cause of action; or, in technical language, *must give the plaintiff a better writ."* (Chitty on Pleading, 462.)

Maxwell, in his work on Code Pleading, p. 410, says: "Under the former chancery practice, abatement was merely a suspension of the proceedings for want of proper parties before the court, and this, in actions which survive, is substantially the ground for abatement under the Code. The death of the plaintiff or defendant may be pleaded in abatement. Misnomer of either the plaintiff or defendant may also be pleaded." And Pomeroy observed: "Defenses still exist of the same essential nature as those which were formerly set up by means of a plea in abatement, and a judgment thereon in favor of the defendant does not forever bar the plaintiff from the further prosecution of his demand. They are governed, however, by the same rules of procedure that regulate all the other defenses which may be relied upon by a defendant. * * * All defenses which are analogous to the ancient pleas in abatement— that is, all which are based upon the same facts— are evidently new matter; they cannot be proved under the general denial, but must be specially pleaded." (Code Remedies, Sec. 698.)

Phillips discusses the subject as follows: "An answer in abatement sets up some matter of fact, the legal effect of which is to overthrow the pending action, without questioning the merits of the plaintiff's demand. Among the defenses that may be pleaded in abatement are misnomer, present want of capacity to sue, a defect of parties, and the pendency of another action. As at common law a plea in abatement was required to give the plaintiff a better writ or declaration, so, under the new system, such answer must furnish information— such as the true name of defendant, where misnomer is pleaded, and the names of necessary parties, where defect of parties is pleaded—that will enable the plaintiff to cure the defect by

amendment, if it be a defect that can be so cured. Generally, if the ground of an objection that may be made by dilatory answer appears in the complaint, advantage may be taken of it by demurrer; but if it does not so appear, the facts, being new matter, must be brought upon the record by answer, and cannot be proved under a denial. And, generally, where a defendant pleads in bar, instead of in abatement, he waives such defects as might be the subject of plea in abatement." (Phillips on Code Pleading, Sec. 237. And see Estee's Pleadings, Sec. 3293; *Ontario State Bank* v. *Tibbits,* 80 Cal. 68, 22 Pac. 66, and cases cited.)

As stated in plaintiff's motion for a judgment on the pleadings, the misnomer of the defendant in no way affects the merits of the action. In this instance the answer was not intended to affect the merits of the action; such is not the office of the plea in abatement, as the authorities above quoted show. The answer in suit set up new matter, but only raised an issue as to the name of defendant. It was properly pleaded (Estee's Pleadings, Sec. 3293), and the court should have disposed of it before proceeding further.

The complaint must contain the names of the parties to the action. (Code of Civil Procedure, Sec. 671.) This is not an idle requirement. It is to the interest of both the parties that the litigation proceed in their true names. If the defendant be misnamed, he has the right to have the defect corrected, but must urge it by answer, alleging it as matter in abatement. If the defendant's name is not correctly given, the plaintiff is responsible for the misnomer. When the defendant pleads it, if the plaintiff does not then choose to amend his complaint, and if upon a trial of the issue it be found against the plaintiff, the action must abate.

Under Section 774, Code of Civil Procedure, the court would doubtless have allowed plaintiff to correct the name of the defendant upon his request so to do, and this would have obviated the answer; but this was not done. Instead, the court was requested to enter judgment on the merits against the defendant, and did so. This was error.

It is true that Section 777, Code of Civil Procedure, prvides, "When the plaintiff is ignorant of the name of the defendant, such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleadings or proceedings may be amended accordingly." "This ignorance of the name must of course be real, and not feigned; it must not be willful ignorance, or such as might be removed by mere inquiry or a resort to means of information easily accessible." (*Rosencrantz* v. *Rogers,* 40 Cal. 489.) The provisions of the Code are very liberal concerning amendments, but this liberality should not be construed to mean that the requirements of the statute may be completely ignored. If plaintiff was ignorant of the defendant's true name when the action was commenced, he was not after the answer was filed, and should have amended his complaint under the terms of Section 777, *supra,* inasmuch as he conceded the truth of the answer by adopting the defendant's true name in the title of his judgment, and by having the judgment entered against the "Oregon Short Line Railroad Company."

In our opinion the judgment should be reversed.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is reversed.

Rehearing denied January 16, 1904.