Gourlay v. Prokop.

opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

WILLIAM A. GOURLAY V. ADOLPH L. PROKOP ET AL.[*]

FILED APRIL 7, 1904. No. 13,510.

**Pleadings:** AMENDMENTS: STATUTE OF LIMITATIONS. Where the original petition, in an action for conversion against a bailee for sale, was defective for lack of the allegation that a reasonable time had elapsed within which he might sell the property, before demand for its return was made, the filing of an amended petition, by which such allegation was inserted, *held* not to be the commencement of a new action, so as to permit the statute of limitations to interpose as a bar between the filing of the original petition and the amendment.

ERROR to the district court for Saline county: GEORGE W. STUBBS, JUDGE. *Reversed.*

*F. I. Foss, B. V. Kohout* and *R. D. Brown*, for plaintiff in error.

*George H. Hastings* and *W. S. McGintie, contra.*

LETTON, C.

On February 19, 1900, a bill of particulars was filed in justice court before E. D. Fay, a justice of the peace, in and for Saline county, Nebraska, as follows: "Now comes the plaintiff and says that, on or about May 16, 1898, he delivered to defendant, Adolph L. Prokop, one Crown organ, one organ stool, and one organ instruction book of the value of $68.  2. The plaintiff says that, on or about May 10, 1898, he agreed with defendant, Adolph L. Prokop, that he should sell said organ, stool and book, and any amount received over and above the amount of $68 should be retained by him as his commission for such sale.

[*] Rehearing allowed. See opinion, p. 612, *post.*

3. That some time between May 16, 1898, and March 10, 1899, Joseph Jiskra became a partner of defendant Adolph L. Prokop. 4. Plaintiff says that, on or about March 10, 1899, he made a demand for said organ, stool and book, and that defendant refused to deliver the above named articles to plaintiff, and that defendants have never paid for the same, though often requested so to do. Wherefore, plaintiff asks judgment against defendants for the sum of $68, with interest from the 10th day of March, 1899, and costs of suit." Issues were made up, a trial had, and an appeal taken from the judgment to the district court. On the 7th day of May, 1900, the following petition was filed in the district court: "1. The plaintiff complains of the defendants for that, on or about the 16th day of May, 1898, the defendant, Adolph L. Prokop, kept a store and warehouse at Wilber, Saline county, Nebraska; that soon after May 16, 1898, Joseph Jiskra became a partner with the said Adolph L. Prokop; that they kept in their store and warehouse a stock of furniture; that the plaintiff is engaged in and is a dealer in musical instruments; that the defendants desired to sell musical instruments on commission for the plaintiff, and desired to have a musical instrument sent to them that they might keep the same on exhibition and for the purpose of sale, and, in consideration of the plaintiff sending the musical instrument to the defendants that they might have it for the purpose of sale, the defendants agreed to safely stow and safely keep in said store the following goods which the plaintiff sent to them under the foregoing arrangements, to wit, 1 Crown organ, 1 organ stool, 1 organ instruction book, of the value of $68 which was the property of the plaintiff; and the defendants as storekeepers and warehousemen received said goods and agreed to keep the same safely. 2. At the time that the said goods were delivered to the defendants, the plaintiff informed them that it was necessary for their preservation that they should be safely kept and insured. 3. The defendants, while said goods were in said store and warehouse, neglected and did not insure the same, but per-

mitted said goods to be burned and destroyed, on or about the first day of May, 1899, whereby said goods were injured and wholly lost to the plaintiff to the damage of plaintiff in the sum of $68. 4. The plaintiff says that, on or about March 10, 1899, he made a demand for said organ, stool and instruction book of the defendants, and desired that said organ, stool and instruction book be returned from said defendants to the plaintiff, but said defendants refused to deliver the above named articles to the plaintiff, and the defendants have never paid for the same, though often requested so to do. 5. Wherefore, the plaintiff asks judgment against the defendants for the sum of $68, with interest from the 10th day of March, 1899, and costs of suit." Issues were made up, the cause tried to a jury and a judgment rendered in favor of the plaintiff and against the defendant. Upon proceedings in error in this court, the judgment was reversed and the cause remanded for further proceedings. *Prokop v. Gourlay,* 65 Neb. 504.

On the 23d day of March, 1903, an amended petition was filed in the district court as follows: "1. And now comes the plaintiff and says that, on or about May 16, 1898, he delivered to the defendant, Adolph L. Prokop, one Crown organ, one organ stool, and one instruction book of the value of $68. 2. The plaintiff says that, on or about May 16, 1898, he agreed with the defendant, Adolph Prokop, that he should sell said organ, stool and book, and that any amount received by him over and above the amount of $68 should be retained by him as commission for said sale. 3. That sometime between May 16, 1898, and March 10, 1899, Joseph Jiskra became a partner with Adolph L. Prokop and interested in said store, and, as partner, assumed the contract as above set forth with the said Adolph L. Prokop and this plaintiff. 4. Said parties had said organ, stool and book for a reasonable time and did not sell the same, and the plaintiff says that a reasonable time within which to sell said organ, stool and book would be from 6 to 8 months. 5. The defendants having had said organ, stool and book for a reasonable time and not having

42

sold the same, the plaintiff, on or about March 10, 1899, made demand for said organ, stool and book, and defendants refused to deliver the above named articles to plaintiff, but converted the same to their own use. 6. The plaintiff says that the reasonable value of said property was the sum of $68. Wherefore, plaintiff prays for a judgment against these defendants for the sum of $68, with interest at 7 per cent. from March 10, and costs of suit."

A motion was made by the defendants to strike the amended petition, for the reason that it was not an amendment but set up a new cause of action, and did not accrue within 4 years, and that, so far as amended, it was a departure from the original cause of action in the justice court. This motion was overruled. A demurrer was then filed to the petition and sustained, upon the ground that the amended petition set up a new cause of action, and was therefore barred by the statute of limitations, and the cause was thereupon dismissed. Exception was duly taken to the ruling of the district court, and the cause is here upon error.

Without considering whether the question proposed can be properly raised by demurrer, it will be seen that there is only one question presented and that is, whether or not the amendment to the petition was such as to set up a new cause of action, or whether the additional facts alleged were merely an amplification of the original. From the opinion of Commissioner ALBERT, it appears that the judgment based upon the first petition was reversed, for the reason that the petition, having failed to allege that a reasonable time had elapsed after the delivery of the organ to the bailee, was insufficient to state a cause of action in conversion. The only additional allegations in the amended petition to those in the bill of particulars upon which the action was begun are, that the defendants had the property for a reasonable time and did not sell the same; that a reasonable time within which to sell it would be from 6 to 8 months, and that the reasonable value of

the property was the sum of $68. It is obvious that the subject matter of the action is the same, that the cause of action is the same, and the relief sought is the same, in these several pleadings. The grounds of the action are the delivery of possession of the property to the defendants as bailees, the demand made upon them by the plaintiff for its return, the refusal and conversion to their own use. The only additional fact alleged being, that they had been in possession of the property a reasonable length of time within which to make the sale before the plaintiff made the demand. It is elementary that, where the identity of the cause of action and the relief demanded are the same, a change in the form of the allegations, or an additional allegation amplifying the original petition, does not set up a new cause of action. No new wrong is charged upon the part of the defendants by the amended petition; the action originally was for the wrongful conversion of the organ, though the cause was defectively stated, and the amended petition merely supplies a necessary allegation omitted in the former pleading.

This is allowed by section 144 of the code. The statute of limitations ceased to run upon the beginning of the action in the justice court; and the cause of action being the same, it is not now barred. The district court erred in sustaining the demurrer to the petition, and the cause should be reversed and remanded for further proceedings.

For these reasons, we recommend that the judgment of the district court be reversed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: The conclusions reached by the commissioners are approved; and it appearing that the adoption of the recommendations made will result in a right decision of the cause, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

REVERSED.

The following opinion on rehearing was filed October 5, 1904. *Judgment of reversal adhered to:*

**Pleadings:** CAUSE OF ACTION. Pleadings examined, and *held* that the amended petition does not state a new and different cause of action from that attempted to be stated in the bill of particulars and the original petition.

BARNES, J.

The defendants, in their brief and oral argument on the rehearing, strenuously contend that, by the amended petition, a new and different cause of action was stated from that set forth in the original petition; that, the new cause of action being barred by the statute of limitations, the trial court was right in sustaining the demurrer to the amended petition, and our opinion reversing the judgment of the district court should be set aside. The foregoing question is the only one fairly presented for our determination. This requires a careful examination of the pleadings, including the bill of particulars filed in the justice court where the action was originally commenced, and our former opinions herein. The bill of particulars, the original petition and the amended petition filed in the district court are set out in Commissioner LETTON'S opinion (*Gourlay v. Prokop, ante,* p. 607), and it is unnecessary for us to quote them herein. It appears, by referring to that opinion, if the words, "said parties had said organ, stool and book for a reasonable time and did not sell the' same, and the plaintiff says that a reasonable time within which to sell said organ, stool and book would be from 6 to 8 months," were stricken from the amended petition, the remaining allegations would be identical with those contained in the bill of particulars on which the cause was tried in the justice court. If the amended petition states a cause of action for conversion, then the bill of particulars stated such a cause of action, if any. It seems from reading the opinion of Commission ALBERT (*Prokop v. Gourlay,* 65 Neb. 504), that the case was considered

and treated therein as an action for conversion, for the learned commissioner made use of the following language:

"It is not easy to determine, from an inspection of the petition, whether the plaintiff's action was brought to recover for damages sustained by reason of the negligence of his bailees, or for damages for the conversion of the property by such bailees. But, as the evidence is insufficient to justify a recovery on the ground of negligence, and the plaintiff presented his case on the other theory, the sufficiency of the petition to sustain the judgment should be tested by the rules of pleading applicable to actions for conversion. Tested by those rules, the petition is insufficient. No time was fixed for the termination of the contract under which the property was left with Prokop by the plaintiff. That being true, the law will imply a reasonable time. In other words, the plaintiff would have a right to a return of the property only after the bailee had had a reasonable time in which to make the sale contemplated by the contract, and a demand before the expiration of such time would be premature. It will be conceded that, had the time been expressly fixed by the contract, the plaintiff in an action of conversion would have been required to allege the expiration of the contract, or some violation of it, to state a cause of action. The only difference between a case of that kind and the present is that in this case, instead of the time the defendants might retain possession of the property being expressly fixed by the contract, it is implied. It is just as essential that the expiration of the time be alleged, where it is implied, as where it is expressly stated, and the omission of such allegation is fatal to the petition in this case."

It seems that, in response to the rule announced above, the averment first above quoted was inserted in the amended petition. Without doubt the bill of particulars filed in the justice court was somewhat defective, but it is clearly apparent that no attempt was made thereby to state a cause of action against the defendants for negligence as bailees. There was an attempt to state a cause of action

in conversion, and when the original petition was filed in the district court, a motion to strike out the new matter stating an agreement to safely store, keep and insure the property, if one had been filed, must have been sustained. Such allegations were insufficient to state a cause of action for negligence, were redundant and immaterial matter, and were very properly omitted from the amended petition. It seems clear that the action as commenced in the justice court was one for conversion. The original petition contained a statement of the same facts alleged in the bill of particulars; that petition was insufficient, as held in the opinion of Commissioner ALBERT, and such deficiency was supplied by the amended petition. The cause of action, although sometimes defectively stated, has remained the same from the filing of the bill of particulars to and including the amended petition in question herein. No new cause of action having been stated, and the commencement of the action before the justice having interrupted the running of the statute of limitations, the district court erred in sustaining the demurrer.

For the foregoing reasons, our former opinion is adhered to.

REVERSED.