CLARK, APPELLANT, *v.* OREGON SHORT LINE R. R. CO., RESPONDENT.

(No. 2,586.)

(Submitted December 17, 1908.    Decided January 25, 1909.)

[99 Pac. 298.]

*Statute of Limitations—"Commencement" of Action—Demurrer—Proper Amendment—Relation Back to Original Pleading.*

1. An action is "commenced" within the meaning of section 6457, Revised Codes, and the operation of the statute of limitations is thereby arrested, by filing a complaint to which a general demurrer is afterward sustained, provided the pleading is sufficiently substantial to allow of its being properly amended so as to fully state the same cause of action attempted to be stated in the first instance.

*Appeal from District Court, Silver Bow County; J. M. Clements, Judge, presiding.*

ACTION by William D. Clark against the Oregon Short Line Railroad Company for interfering with a ditch and water right. From a judgment for defendant, plaintiff appeals. Reversed.

*Mr. J. F. Nolan,* for Appellant.

Citing: *Savage* v. *Phoenix Co.,* 12 Mont. 458, 33 Am. St. Rep. 591, 31 Pac. 66; *Nelson* v. *First Nat. Bank,* 139 Ala. 578, 101 Am. St. Rep. 52, 36 South. 709; *Union Ry. Co.* v. *Wyler,* 158 U. S. 296, 39 Pac. 983, 15 Sup. Ct. 877; *Tucker* v. *Virginia City,* 4 Nev. 20; *Hucklebridge* v. *Atchison T. & S. F. Co.,* 66 Kan. 443, 71 Pac. 814; *Woody* v. *Hinds,* 30 Mont. 189, 76 Pac. 1; *Adams* v. *Patterson,* 35 Cal. 122; *Smith* v. *Day,* 39 Or. 531, 64 Pac. 813, 65 Pac. 1055; *Johnson* v. *Turnell,* 113 Wis. 468, 89 N. W. 515; *Dodge* v. *Hunter,* 85 Me. 121, 26 Atl. 1055.

*Mr. J. L. Wines,* for Respondent.

The statute does not stop running in a case where the complaint shows that the court was without jurisdiction. (*Sweet*

v. *Chattanooga Electric Light Co.,* 97 Tenn. 252, 36 S. W. 1090; 4 Ency. of Pl. & Pr. 607, 608; *Ball* v. *Hagy* (Tex. Cr. App.), 54 S. W. 915.) "The amendment of the declaration so as to state for the first time a cause of action is equivalent to bringing a new suit as of the date of the amendment, notwithstanding the original declaration was filed within the statute period." (*Eylenfeldt* v. *Illinois Steel Co.,* 165 Ill. 185, 46 N. E. 266; *Blake* v. *Minker,* 136 Ind. 418, 36 N. E. 246; see, also, *Illinois Central R. Co.* v. *Campbell,* 170 Ill. 163, 49 N. E. 314; *Foster* v. *St. Luke's Hospital,* 191 Ill. 94, 60 N. E. 803; *Doyle* v. *City of Sycamore,* 193 Ill. 501, 61 N. E. 1117; *Lilly* v. *Charlotte etc. Co.,* 32 S. C. 142, 10 S. E. 932; *Howard* v. *Windom,* 86 Tex. 560, 26 S. W. 483; 25 Cyc. 1309; *Bricken* v. *Cross,* 163 Mo. 449, 64 S. W. 99.)

MR. JUSTICE SMITH delivered the opinion of the court.

The original complaint in this case was filed in the district court of Silver Bow county on July 30, 1901. A judgment, thereafter rendered in favor of the plaintiff on the pleadings, was reversed by this court. (See 29 Mont. 317, 74 Pac. 734.) General and special demurrers were filed to the original complaint, but the record does not disclose that the court ever passed upon the same, and afterward the defendant filed an answer in which it denied each and every allegation of the complaint. On February 2, 1907, the plaintiff filed his amended complaint, and the court afterward sustained a general demurrer thereto. On March 6, 1907, a second amended complaint was filed, and to that pleading the defendant, among other allegations, answered that the alleged cause of action was barred by virtue of the provisions of certain statutes of limitations. Upon the trial the court below sustained the defendant's contention, refused to allow plaintiff to introduce any evidence under his second amended complaint, and entered judgment for the defendant, from which judgment an appeal is taken.

It is conceded that if the defendant's premises are correct, then its conclusion that the cause of action is barred is also

correct. It contends through its counsel that, as the original complaint did not state facts sufficient to constitute a cause of action, and the second amended complaint was not filed until nearly six years after the cause of action is alleged to have accrued, the statute has run and the cause is barred. The action was brought to recover damages for a wrongful interference with a ditch and water right. Plaintiff originally alleged that the defendant "is" a corporation, and plaintiff "is" the owner of the ditch and water right. He then proceeded to aver that the water right and ditch had been used for the purpose of irrigating "plaintiff's ranch, called the McCauley ranch, for more than 10 years last past," and that "*the defendant,* in the years 1900 and 1901, * * * injured the *plaintiff's* said ditch, * * * all of which has resulted in damage to the plaintiff. * * * " The defendant first filed a so-called plea in abatement, setting forth that its true name is Oregon Short Line Railroad Company, instead of the Oregon Short Line Railway Company, and afterward entered a general appearance and filed an answer, and has been in court ever since. The second amended complaint alleged that at all times mentioned therein the defendant was a corporation, and the plaintiff was the owner of the ditch and water right. Defendant's counsel argues in his brief that the original complaint was fatally defective for want of allegations that the defendant was a corporation, and the plaintiff was the owner of the ditch and water right, at the time the acts of the defendant were alleged to have been committed. Plaintiff's counsel does not controvert this proposition, and perhaps unfortunately so, as all of the members of this court believe that the question is a close one, and the writer of this is of opinion that the complaint was sufficient. (See *Tennison* v. *Tennison,* 114 Ind. 424, 16 N. E. 818; *Kimball & Fink* v. *Borden,* 95 Va. 203, 28 S. E. 207; *Taylor* v. *Perry,* 48 Ala. 240; *Sargent* v. *Steubenville etc. R. R. Co.,* 32 Ohio St. 449; *Gage* v. *Wayland,* 67 Wis. 566, 31 N. W. 108; *Peck* v. *Peck,* 35 Conn. 390; *Pittsburgh, C., C. & St. L. Ry. Co.* v. *Harper,* 11 Ind. App. 481, 37 N. E. 41; *Flenniken* v. *Buchanan,* 21 S. C.

432; *Prindle* v. *Caruthers*, 15 N. Y. 425; *Eans' Admr.* v. *Exchange Bank*, 79 Mo. 182; *Necker* v. *Harvey*, 49 Mich. 517, 14 N. W. 503.) However, appellant says in his brief that the only question to be discussed is, whether a suit is commenced in a court of record by filling a complaint, regardless of whether sufficient facts are stated to constitute a cause of action or not, and we shall confine ourselves to that question, which is a new one in this state.

There are many cases in the books which hold that, where the amendments offered disclose a clear departure from law to law, or from fact to fact, where an entirely new claim or demand is for the first time asserted, or where an additional cause of action is brought forward by way of proposed amendment, the operation of the statute of limitations is not suspended by filing the original complaint. There appears to be little, if any, diversity of opinion among courts and text-writers as to the law in such cases. (25 Cyc. 1308; *Union Pac. Ry. Co.* v. *Wyler*, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983.) Then there is a class of cases holding that where the original complaint states a cause of action, but does it imperfectly, and afterward an amended complaint is filed correcting the defect, the plea of the statute of limitations will relate to the time of filing the original complaint. (25 Cyc. 1307.) Again, there are cases holding that where the original complaint states no cause of action whatever, it will not arrest the running of the statute, and an amendment made after the bar of the statute is complete will be regarded as the beginning of the action, in reckoning the statutory period of limitation (25 Cyc. 1309), and these are the cases relied upon by the respondent.

As a copy of the original complaint is before us, we have no hesitancy in saying that the filing of the same constituted at least a *bona fide* attempt to commence an action. It would be interesting to inquire, if we might do so, whether it actually fails to state a cause of action, or is simply uncertain in its allegations. Another interesting question which might have been presented is whether there may not be a distinction between a complaint

which merely omits some formal allegation, or is imperfect
of statement, and one from which it clearly appears that the
plaintiff has no cause of action, or has filed what the court
would say is no complaint at all, even though a general demurrer
to either would be well taken.    The courts of Illinois and Kan-
sas have laid down, and consistently adhered to, the rule that
an amendment to a declaration or complaint, so as to state for
the first time a cause of action, is equivalent to bringing a new
suit as of the date of the amendment, notwithstanding the orig-
inal declaration or complaint was filed within the statutory
period.    (*Eylenfeldt* v. *Illinois Steel Co.*, 165 Ill. 185, 46 N. E.
266; *Illinois Central R. Co.* v. *Campbell*, 170 Ill. 163, 49 N. E.
314; *Mackay* v. *Northern Milling Co.*, 210 Ill. 115, 71 N. E. 448;
*Missouri, K. & T. Ry. Co.* v. *Bagley*, 65 Kan. 188, 69 Pac. 189,
3 L. R. A., n. s., 259.)    On the other hand, we have the dissent-
ing opinion, in the case last cited, of Chief Justice Doster, in
which it is said: ''I dissent from the judgment in this case, and
from so much of the opinion as applies the statute of limitations
to the case of defendant in error, and am authorized to say for
Justice Ellis that he also dissents.    The majority opinion is
entirely too technical.    The original petition was defective be-
cause incomplete in its formal allegations.    It simply omitted
the statement of the consideration for the promise sued on.
The amendment merely supplied the allegation of that element
of the contract.    Now, in such cases we understand the rule to
be that petitions are amendable even after the running of the
statute of limitations; that is, the incomplete allegations may
be helped out by amendment.    However, one may not introduce
a new cause of action into a case by way of amendment of his
petition after the period of limitation has run against it.    He
may not, under the guise of amendment, change his cause of
action from one sued on during its life to one against which the
bar of the statute has run, nor may he by way of amendment
tack a barred cause of action onto one against which the stat-
ute has not run.    The decisions cited in the majority opinion
are instances of changes from one cause of action to another,

and do not constitute precedents for the ruling made in this case. We would pursue the subject further, and collate the authorities on this point, but for the fact that the decision made can be shown to be erroneous upon plain statutory grounds.''

In the case of *Prokop* v. *Gourlay*, 65 Neb. 504, 91 N. W. 290, the supreme court of Nebraska held that, where the owner of personal property delivered it to another for sale on commission, and no time was fixed within which such sale was to be made, the law would imply a reasonable time, and a petition which failed to allege that a reasonable time had expired for making such sale was fatally defective. The original petition was afterward amended in the court below by adding the allegation that a reasonable time had elapsed, and the plaintiff thereafter appealed from a judgment in favor of the defendant. The supreme court said: ''A motion was made by the defendants to strike the amended petition, for the reason that it was not an amendment, but set up a new cause of action, and did not accrue within four years, and that, so far as amended, it was a departure from the original cause of action in the justice court. This motion was overruled. A demurrer was then filed to the petition, and sustained upon the ground that the amended petition set up a new cause of action, and was therefore barred by the statute of limitations, and the cause was thereupon dismissed. * * * Without considering whether the question proposed can be properly raised by demurrer, it will be seen that there is only one question presented, and that is whether or not the amendment to the petition was such as to set up a new cause of action, or whether the additional facts alleged were merely an amplification of the original. From the opinion of Commissioner Albert, it appears that the judgment based upon the first petition was reversed for the reason that, the petition having failed to allege that a reasonable time had elapsed after the delivery of the organ to the bailee, it was insufficient to state a cause of action in conversion. The only additional allegations in the amended petition to those in the bill of particulars upon which the action was begun are that

the defendants had the property for a reasonable time, and did not sell the same, that a reasonable time within which 'to sell it would be from six to eight months, and that the reasonable value of the property was the sum of $68. It is obvious that the subject matter of the action is the same, that the cause of action is the same, and the relief sought is the same in these several pleadings. The grounds of the action are the delivery of possession of the property to the defendants as bailees, the demand made upon them by the plaintiff for its return, and the refusal and conversion to their own use; the only additional fact alleged being that they had been in possession of the property a reasonable length of time within which to make the sale before the plaintiff made the demand. It is elementary that, where the identity of the cause of action and the relief demanded are the same, a change in the form of the allegations, or an additional allegation amplifying the original petition, does not set up a new cause of action. No new wrong is charged upon the part of the defendants by the amended petition. The action originally was for the wrongful conversion of the organ, though the cause was defectively stated, and the amended petition merely supplies a necessary allegation omitted in the former pleading. This is allowed by section 144 of the Code of Civil Procedure. The statute of limitation ceased to run upon the beginning of the action in the justice's court; and, the cause of action being the same, it is not now barred.'' (*Gourlay* v. *Prokop*, 71 Neb. 607, 99 N. W. 243, 100 N. W. 949. See, also, *Norman* v. *Central Ky. Asylum*, 26 Ky. Law Rep. 71, 80 S. W. 781; *Alabama etc. R. R. Co.* v. *Thomas*, 89 Ala. 294, 18 Am. St. Rep. 119, 7 South. 762; *Tucker* v. *Mayor etc.*, 4 Nev. 20; *Turner* v. *Mitchell*, 22 Ky. Law Rep. 1784, 61 S. W. 468; *Missouri, K. & T. Ry. Co.* v. *McFadden*, 89 Tex. 138, 33 S. W. 853.) The supreme court of Alabama has gone further, perhaps, than any other court in applying the principle contended for by the appellant. (See *Agee* v. *Williams*, 30 Ala. 636; *Sublett* v. *Hodges*, 88 Ala. 491, 7 South. 296.)

But, after all, the question presented must be determined in the light of our own Code provisions. Title II of the Code of Civil Procedure is headed "Time of Commencing Actions." Chapter I of that Title is headed "The Time of Commencing Actions in General," and section 6428, Revised Codes [section 470, Code Civ. Proc. 1895], reads as follows: "Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute." Chapter II is entitled "The Time for Commencing Actions for the Recovery of Real Property." Chapter III is entitled "The Time of Commencing Actions Other Than for the Recovery of Real Property." Chapter IV is entitled "General Provisions as to the Time of Commencing Actions." And section 6457, Revised Codes, being the first section under this last chapter, reads as follows: "An action is commenced within the meaning of this title, when the complaint is filed." Section 6464, Revised Codes, provides as follows: "If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits; the plaintiff, or, if he dies, and the cause of action survives, his representative may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such reversal or termination." This court in *Glass* v. *Basin & Bay State Min. Co.*, 35 Mont. 567, 90 Pac. 753, said: "A judgment rendered on a demurrer to the complaint may or may not be a judgment on the merits, depending upon the circumstances of each case. If the judgment determines the merits of the controversy as distinguished from the merits of the pleading attacked, it is a judgment on the merits; * * * otherwise it is not." And in *Kleinschmidt* v. *Binzel*, 14 Mont. 31, 52, 43 Am. St. Rep. 604, 35 Pac. 460, 464, the court said: "The authorities support the proposition urged by respondent that if the alleged

cause of action is submitted on the merits by demurrer, admitting the facts alleged, but placing over against them in the judicial scale the proposition of law that the facts pleaded and thus admitted are insufficient to warrant judgment in favor of the pleader, and upon due weighing of the law and the facts, those facts are adjudged insufficient by sustaining the demurrer, and this ruling is allowed to stand, those facts thereby pass under the rule of *things adjudged;* and the party against whom such adjudication proceeds, as well as his privies and representatives, are thereby barred from again asserting the same facts in another action pertaining to the subject as effectually as though such facts were found from the proof, or admitted *ore tenus* in the course of the trial. Such appears to be the rule deducible from the authorities, without much conflict. * * * But this rule should always be stated and applied with due regard to some modifying conditions, which it is not permitted to violate. Thus, when the pleader has submitted to the ruling of the court on demurrer, against the sufficiency of the cause of action or defense, as stated, that ruling would not bar him, or those in privity with him, from again asserting the same facts, accompanied by additional allegations which complete the statement of a good cause of action or defense.''

If it be true that when the statutory period has expired pending the decision of the court on demurrer to the complaint, which decision does not determine the cause on the merits, the party may commence a new action for the same cause within a year, asserting again the same facts, accompanied by additional allegations which complete the statement of a good cause of action, then it would seem reasonable to conclude that the filing of the original complaint, which was defective for want of such ''additional allegations,'' did in fact have the effect of arresting the operation of the statute, and was the commencement of an action, and it cannot be said in this state that the action is always barred unless a good complaint is filed in the first instance. Indeed the language employed in section 6464, *supra,* may perhaps be construed as a legislative recognition of the principle

that an action is commenced by filing what purports to be a complaint, whether it states facts sufficient to constitute a cause of action or not. But it is suggested that such a rule would allow the filing of any sort of document designated a complaint to arrest the running of the statute, even a blank, or other paper, which was in no sense a complaint; that it would be impossible to determine what was a complaint, and what not, and therefore impossible to decide whether or not the action was commenced. But there is a weakness in this suggestion. Surely, courts are competent to say whether an alleged pleading is or is not a complaint. Analogous questions are being constantly decided. But there are other statutory provisions shedding light upon the question. Section 8079, Revised Codes, defines an action as an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Section 7188, Revised Codes, reads as follows: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." It would seem natural to inquire, in this connection, whether this action was pending from July 30, 1901, to March 6, 1907, during which time the defendant appeared generally and answered the original complaint, filed two demurrers, and brought a judgment for the plaintiff to this court for review on appeal.

But we are able to place our decision upon broader and more substantial grounds than any of those above suggested, although the statutes just noticed must not be lost sight of in construing the ones we are about to cite. Section 6532, Revised Codes, provides that the complaint in an action must contain a statement of the facts constituting the cause of action in ordinary and concise language. The defendant may demur to the complaint for want of a sufficient statement of facts, and this objection is never waived. (Revised Codes, sec. 6539.) The plaintiff may amend once as of course before answer or demurrer filed

(Revised Codes, sec. 6588).   The court may, in furtherance of
justice, allow a party to amend any pleading by adding or strik-
ing out the name of any party, or by correcting a mistake in
the name of a party, or a mistake in any other respect, and may
likewise, in its discretion, after notice, allow an amendment to
any pleading in other particulars (Revised Codes, sec. 6589).
Upon the decision of a demurrer, the court may, in its discretion,
allow the party in fault to plead anew or amend (Revised Codes,
sec. 6591).   This last statute is taken advantage of daily in the
courts, and is, of course, a legislative declaration that a plead-
ing which is in fact a complaint may be amended, even though
it fails to state facts sufficient to constitute a cause of action;
that such a pleading is not a mere nullity, but is something
which may be amended.   What, then, is the effect of the amend-
ment?  As a general rule, an amendment properly allowed re-
lates back to the date of the original pleading or process.
(*Rutherford* v. *Hobbs*, 63 Ga. 243; *Woody* v. *Hinds*, 30 Mont.
189, 76 Pac. 1; *Martin* v. *Coppock*, 4 Neb. 173.)   In the Georgia
case last cited the court said: ''What is there, in a misdescription
of the plaintiff, or in a deficient description of him or of his
title, which renders it necessary, or even proper, that amending
it should destroy the identity of the action when various other
amendments, equally material to a recovery, might be made
without working any such result?   Once settle that a given
amendment to a declaration can properly be made—that is, that
it is both authorized and appropriate—and it follows logically
that the making of it tends to preserve and forward the action,
and not to overthrow or extinguish it.   To that end was the
privilege of amending established.   Amendment is completion
of the incomplete or correction of the incorrect, and as well
might it be said that judicious additions to or alterations of an
edifice will cause it to fall, as that judicious amendment to a
declaration will destroy the case.   And if the suit is in legal
identity the same suit after the amendment as it was before,
there would be, and could be, no running of the statute of pre-
scription whilst it was pending, the principle of unity compre-

hending both the sole plaintiff and his single and only cause of action." (See, also, *Sanger* v. *City of Newton*, 134 Mass. 308.) And so in the case at bar. The plaintiff made a *bona fide* attempt to commence an action by filing a complaint containing insufficient allegations as to the legal capacity of the defendant and the plaintiff's ownership of the property alleged to have been injured. A general demurrer to the complaint was sustained, and the court properly allowed the plaintiff to amend. The amendments supplemented the allegations of the original complaint, perfected the only cause of action claimed by the plaintiff, and therefore related back to the date of filing the original complaint.

We are of opinion that the court below was in error in holding that the action was not commenced by filing the original complaint, and that the operation of the statute of limitations was not arrested by filing that pleading. The judgment appealed from is reversed, and the cause is remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

