## JAMES W. YORK v. MATTHEW J. YORK.[1]

### October 1, 1920.

### No. 21,857.

**Assault and battery.**

1. The evidence is sufficient to sustain a finding that defendant, during an altercation, struck plaintiff in the eye.

**New trial because of excessive damages.**

2. The damages are excessive and a new trial should be allowed, unless plaintiff consents to a reduction of the verdict.

**Evidence immaterial.**

3. Evidence of defendant's loyalty had no bearing on the case.

Action in the district court for Rock county to recover $10,000 for assault. The answer was a general denial. The case was tried before Nelson, J., and a jury which returned a verdict for $3,250. From an order denying his motion for a new trial, defendant appealed. Modified.

*C. H. Christopherson* and *Simon Fisher,* for appellant.

*E. H. Canfield* and *Teigen & Davis,* for respondent.

HALLAM, J.

This is an action to recover damages for assault. Plaintiff had a verdict. Defendant appeals.

1. Defendant contends that the verdict is not justified by the evidence. The testimony is in conflict. Defendant was a farmer. Plaintiff was his brother. On August 30, 1917, plaintiff was in defendant's employ. On this day, at dinner, the conversation turned to the war. There were present plaintiff and his son; defendant, his wife and her brother; Tom Lewis, the husband of a sister of plaintiff and defendant, and a man named Murphy. Just what was the nature of the conversation at dinner is matter of dispute, but it is conceded that some of the participants became loud in their talk and that defendant ordered plaintiff from the room. Plaintiff left the room by an outside door. He testified that de-

[1] Reported in 179 N. W. 212.

fendant followed him out and that, while they were both outside, defendant struck him in the left eye with his fist. Plaintiff's son testified that he followed the two out and he corroborates his father as to what took place outside. Lewis, not a willing witness, testified that shortly afterwards he saw blood on plaintiff's face.

On the other hand, the others present testified that defendant did not leave the room, but agreed that defendant took plainiff "by the shirt" and put him out of doors.

The jury found, in effect, that defendant struck plaintiff in the eye. It is not our province to determine where the preponderance of evidence lies. It is enough to say that, in our opinion, there is evidence sufficient to sustain this finding.

2. The other question relates to the amount of damages. After the affair at dinner, plaintiff went back to work as usual. He worked all the afternoon and continued at work for defendant for several weeks with no suggestion of serious injury. Some months later plaintiff lost the sight of his left eye. The loss of sight was due to a cataract. There are two kinds of cataract, senile cataract and traumatic cataract. One medical witness, Dr. F. I. Putman, an eye specialist, testified that traumatic cataract may be caused by a blow struck over the eyeball. He testified that he examined plaintiff two years after the trouble, and gave the opinion that plaintiff's blindness was due to traumatic cataract, and, assuming that defendant struck plaintiff in the eye, and that he had sustained no other injury, that the blow caused the cataract and the blindness. He testified that the right eye was normal. His brother, also called by plaintiff, had not examined plaintiff, but in answer to a hypothetical question said he felt that it was not a case of traumatic cataract. An expert called by defendant gave the opinion that the cataract was not traumatic but senile, and that the other eye was similarly affected to such an extent that the sight was 8/100 of normal. Another physician, plaintiff's attending physician for some time, testified that plaintiff had cataract long before the trouble. There is also evidence of cataract in other members of plaintiff's family.

There is here some evidence that plaintiff suffered from traumatic cataract caused by a blow from defendant's fist, but the evidence to the contrary is strong, and we are of the opinion that a finding that plain-

tiff's blindness was caused wholly by defendant's blow could not stand. The verdict was for $3,250. Plaintiff was 57 years old, without regular occupation. He spent part of his time in the county poor house. He had for some time been suffering from heart trouble and he died soon after the trial. There was little basis for punitive damages. Plaintiff suffered some damage, but, in view of all the circumstances, we feel compelled to hold that the damages allowed are largely excessive and that a new trial should be granted, unless the plaintiff will consent to a reduction of the verdict to $1,400.

3. We find no other error in the record. Evidence calculated to prove defendant's loyalty during the war was properly rejected. It had no bearing on the question whether defendant struck plaintiff in the eye during this admitted altercation.

The showing as to newly discovered evidence falls far short of ground for a new trial.

Order modified.