ANNA FISCHER and Another v. JOSEPH J. SPERL.[1]

February 21, 1907.

Nos. 15,042, 15,043—(145, 146).

**Will—Undue Influence.**

 In this, a will case, it is *held* that the proponent was not entitled to judgment sustaining the will, notwithstanding a verdict to the effect that the execution of the will was procured by undue influence. Fischer v. Sperl, 94 Minn. 421, followed.

**Discretion of Trial Judge to Grant Third Trial.**

 The setting aside of a verdict and granting of a new trial on the ground that the verdict is not sustained by the evidence does not end the discretion of the trial judge to set aside a second verdict based on practically the same evidence, and to grant another new trial for the same reason; but the fact that one new trial has been granted on the merits is an important factor in the determination of a motion to set aside a second verdict based on the same evidence, and the discretion should be exercised with caution.

**Same.**

 The trial judge did not abuse his discretion in granting a second new trial in this case.

[1] Reported in 110 N. W. 853.

Appeals by both proponent and contestants of the will of Anton Sperl, deceased, from an order of the district court for Brown county, Webber, J., denying a motion for judgment notwithstanding the verdict, and granting a motion for a new trial. Affirmed.

*Hoidale & Somsen,* for contestants.

*Jos. A. Eckstein, Geo. W. Somerville,* and *W. H. Oppenheimer,* for proponent.

START, C. J.

Anton Sperl, a resident of the county of Brown, died on July 7, 1903, leaving him surviving five children, four sons and one daughter. On June 10, 1903, he executed an instrument purporting to be his last will whereby he left the greater part of his property to his eldest son, Joseph J. Sperl, who offered the will for probate. The probate court by its order allowed and admitted the will to probate over the objections of the contestants herein, who are the daughter and one of the sons of the deceased.

The contestants appealed from the order to the district court of the county of Brown. A trial of the matter in the district court resulted in a finding by the jury that the execution of the will was obtained by undue influence. The proponent then moved the court for judgment in his favor sustaining the will notwithstanding the verdict, or for a new trial, and the court made its order granting judgment as prayed. The contestants then appealed from the order to this court, which reversed it, and remanded the cause to the district court, with leave to proponent to renew his motion for a new trial. See Fischer v. Sperl, 94 Minn. 421, 103 N. W. 502. The district court granted a new trial on the ground that the verdict was not justified by the evidence. A second trial was had, resulting in a finding by the jury that the execution of the will was procured by undue influence exercised by the proponent. He moved the court for judgment in his favor establishing the will, or for a new trial. The court made its order denying the motion for judgment and granting a new trial upon the ground that the verdict was not sustained by the evidence. Both parties appealed from the order.

1. The appeal of the proponent raises the question whether as a matter of law the proponent upon the whole evidence was entitled to

judgment to the effect that the execution of the will was not procured by fraud or undue influence. The evidence was undisputed that the will was formally executed by the testator and that at the time he possessed testamentary capacity. The sole question on the proponent's appeal is whether there was any evidence of undue influence sufficient to justify the submission of the question to the jury. The law of the case was clearly stated in the opinion of the court in disposing of the first appeal, and it is unnecessary again to discuss it. While the evidence on the second trial was not identical with that on the first one, yet we are of the opinion that it was as favorable to the contestants as the evidence on the first trial. We accordingly hold, following the decision of the court on the first appeal, that the proponent was not entitled to a directed verdict in his favor sustaining the will; hence the trial court did not err in denying his motion for judgment.

2. This brings us to the consideration of the contestants' cross-appeal, which presents for consideration the question whether the trial court abused its discretion in granting a second new trial upon the ground that the verdict was not sustained by the evidence.

If the order complained of were one setting aside the verdict and granting a new trial after the first trial, it would be so obvious that the making of the order was not an abuse of discretion as to forbid any discussion of the question. All that we deem it proper to say, in view of the fact that a new trial has been granted, is that, while the evidence did not "so conclusively fail to show undue influence as to justify the trial court in granting judgment notwithstanding the verdict" (94 Minn. 429, 103 N. W. 506), yet the weight of the evidence was not manifestly and palpably in favor of the verdict.

The contestants, however, urge that the discretion of a trial court in setting aside a second verdict and granting a new trial on practically the same evidence as that given on the first trial is not as broad as it is in the first instance, and that it is materially limited. If by this is meant that trial courts must be conservative in granting a second new trial upon the merits, it is a correct statement of the law.

This court has not laid down any inflexible rule as to how many verdicts may be set aside and new trials granted by the trial court on substantially the same evidence. The rule which we deduce from our decisions is that a trial judge may be justified in granting one new trial

on the merits, when it would be an abuse of his discretion to set aside a second verdict and grant a second new trial on practically the same evidence. The granting of the first new trial does not end his discretion in the premises. Nevertheless the fact that one new trial has been granted on the merits is an important factor in the determination of a motion to set aside a second verdict and grant another new trial on the same evidence, and the discretion should be exercised with caution, for there must be an end of litigation. Buenemann v. St. Paul, M. & M. Ry. Co., 32 Minn. 390, 20 N. W. 379; Peterson v. Western Union Telegraph Co., 65 Minn. 18–24, 67 N. W. 646, 33 L. R. A. 302; Van Doren v. Wright, 65 Minn. 80, 67 N. W. 668, 68 N. W. 22; Park v. Electric Thermostat Co., 75 Minn. 349, 77 N. W. 988; Bathke v. Krassin, 78 Minn. 272, 80 N. W. 950; Id., 82 Minn. 226, 84 N. W. 796.

In the case of Peterson v. Western Union Telegraph Co., three new trials were granted, either absolutely or conditionally, for the reason that the award of damages was excessive; and in Bathke v. Krassin a like number of new trials were granted for a like reason. The limit, however, seems to have been reached in the case of Van Doren v. Wright. The court held in that case that where there had been four successive verdicts in favor of the same party, three of which had been set aside and new trials granted on the ground that they were not justified by the evidence, it would be an abuse of discretion to set aside the fourth verdict if there was sufficient evidence to support it.

Subject to the qualifications we have stated, the motion in this case for a second new trial on the ground that the verdict was not justified by the evidence was a matter within the discretion of the trial judge, and upon the whole evidence we are of the opinion that the granting of the motion was not an abuse of discretion. We do not, however, wish to be understood as laying down the rule that the action of the trial court in granting a second new trial will be sustained in all cases. The evidence in this case makes it an exceptional one.

It follows that the order of the trial court denying proponent's motion for judgment and granting a new trial must be affirmed on both appeals. So ordered.