# BERTHA K. HALNESS v. JOHN A. ANDERSON.[1]

February 18, 1910.

Nos. 16,440—(221).

**Second New Trial for Excessive Damages.**

Where the plaintiff has a constitutional right to a trial by jury, and the damages to be awarded are largely within its discretion, the trial judge ought not to grant a second new trial for excessive damages, unless they are so excessive as unmistakably to indicate that the verdict must have been the result of passion or prejudice.

**Same — Error.**

It was error to grant a new trial in this an action for a breach of promise of marriage, unless the plaintiff would reduce her verdict for $1,500 to $500.

Action in the district court for Clay county to recover $5,000 for the breach of a promise to marry. The answer was a general denial. The case was tried before Baxter, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From an order setting aside the verdict and granting defendant's motion for a new trial, unless plaintiff would consent to a reduction of the verdict to $500, plaintiff appealed. Reversed and verdict reinstated.

*Nye & Dosland,* for appellant.

*W. Geo. Hammett* and *Peterson & Adams,* for respondent.

START, C. J.

This is an appeal from an order of the district court of the county of Clay, granting the defendant's motion for a new trial in an action to recover damages for a breach of promise of marriage. The motion was based upon several alleged errors, particularly upon the ground of excessive damages, appearing to have been given under the influence of passion and prejudice. The new trial was granted for

[1]Reported in 124 N. W. 830.

this reason only, as appears from the memorandum of the trial judge, which is as follows:

"The only ground, in my opinion, upon which the defendant is entitled to a new trial, is excessive damages, appearing to have been given under the influence of passion and prejudice; and upon this ground he is entitled to a new trial, unless the plaintiff shall stipulate to take judgment for a reasonable amount. It is difficult to conceive how, from the evidence, a verdict of $1,500 could have been found by the jury. A judgment of $500 is certainly all she is entitled to."

It appears from the record and briefs of counsel that there have been two jury trials of this case, both before the same judge. On the first trial the plaintiff had a verdict for $2,500, which the court deemed to be excessive, and a new trial was granted, unless the plaintiff would reduce her verdict to $500, which she declined to do. A new trial was had, resulting in a verdict for the plaintiff in the sum of $1,500, and the court made its order granting a second new trial for excessive damages, unless the plaintiff would consent to a reduction of the verdict to $500.

Where the plaintiff has a constitutional right to a trial by jury, and the damages to be awarded are largely within its discretion, the trial judge ought not to grant a second new trial for excessive damages, unless they are so excessive as unmistakably to indicate that the verdict must have been the result of passion or prejudice. Peterson v. Western Union Tel. Co., 65 Minn. 18, 24, 67 N. W. 646, 33 L.R.A. 302; Fischer v. Sperl, 100 Minn. 198, 110 N. W. 853. If a trial judge may, in the exercise of his discretion, set aside successive verdicts, based on substantially the same evidence, merely because the award of damages is, in his opinion, materially greater than it ought to have been, then he may so exercise his discretion as to compel the acceptance of his opinion, and thereby deprive the plaintiff of a constitutional right; for there is a limit to the ability of the average suitor to continue the contest against the judge.

The only question for our decision presented by the record is whether, within the rule stated, the damages awarded were so excessive as to justify the setting aside of the verdict by the trial judge

in the exercise of a fair discretion. Mohr v. Williams, 95 Minn. 261, 266, 104 N. W. 12, 1 L.R.A.(N.S.) 439, 111 Am. St. 462. The evidence in material respects was conflicting, but it was sufficient to justify the jury in finding substantially the following facts:

The defendant, in September, 1904, was a farmer, and a widower, living on his farm near Hawley, this state. The plaintiff was then a single woman thirty-eight years old, and virtuous for aught that appears from the evidence. At the time stated she entered the plaintiff's service as a domestic servant and housekeeper in his home on his farm. In a few weeks thereafter he requested her to marry him, to which she consented. After he promised to marry her, he solicited her to have sexual intercourse with him, and she consented, because she believed he would marry her. Thereupon they had such intercourse, and, as a result of such relation, she became pregnant and gave birth to a child on August 2, 1905. The defendant broke up housekeeping December 24, 1904, and the plaintiff left his service. She again entered his service as housekeeper April 6, 1906, and continued therein for one year and six months. He told her, after she entered his service the second time, that he would marry her. They resumed sexual intercourse in January, 1907, and as a result she gave birth to a second child. She repeatedly asked the defendant to marry her, and he refused to do so. He has two hundred forty acres of farming land, which is incumbered, also horses and machinery for carrying on his farm, and he is worth from $2,400 to $3,000 in excess of all liabilities. He denied that he ever promised to marry the plaintiff, but admitted their intercourse, and that he was the father of her children. He is paying something for the support of the two children under bastardy proceedings against him, but to what extent is not disclosed by the record.

We are of the opinion, based upon a careful consideration of the record, that the damages awarded are not so excessive as to justify the conclusion that they must have been given under the influence of passion and prejudice, within the rule we have stated. If the plaintiff's testimony be true, and of this the jury were the sole judges, the damages are only fairly compensatory. It follows that the trial

court erred in setting aside the verdict and granting a new trial, and the order appealed from must be reversed, and the verdict reinstated. So ordered.