GILLESPIE, RESPONDENT, *v.* GREAT NORTHERN RAIL-
WAY CO., APPELLANT.

(No. 4,808.)

(Submitted May 26, 1922.   Decided June 26, 1922.)

[208 Pac. 1059.]

*Personal   Injuries—Railroads—Federal   Employers'   Liability
Act—Complaint—Amendment  of  Pleadings—Commencement
of  Action — Time — Complaint — File-mark—Instructions—
Law of Case—Excessive Verdicts—New Trial.*

Personal   Injuries — Railroads — Complaint —  When   Amendment   not
Statement of New Cause of Action.
1.   Where  plaintiff  locomotive  engineer  had  but  one  cause  of
action against defendant railway company, *i. e.*, its wrongful act
in permitting an engine to move on the same track at the same
time  and  in  the  opposite  direction  to  the  engine  operated  by
plaintiff,  causing  a  collision,  and  in  his  complaint  brought  under
the  federal  Liability  Act  alleged  that  he  was  injured  while  in
the  engine  whereas  at  the  trial  he  testified  that  the injury  oc-
curred  by  coming  in  contact  with  the  ground  as  a  result  of  his
jumping  from  the  engine  to  escape  the  collision,  amended  com-
plaint filed by leave of court to conform to the facts, examined
and *held* not to state a new and different cause of action, and
therefore refusal to strike it from the files was proper.

Common Law—Statutes Controlling.
2.   In this state there is no common law in any case where the
law is declared by the Codes or other statutes.

Personal Injuries—Amended Complaint—Stating New Cause of Action
—Inapplicability of Rule.
3.   Since under his original complaint alleging that he sustained
certain enumerated injuries and concluding with the statement
that he had been "otherwise injured," plaintiff could have intro-
duced proof of injuries otherwise sustained, a specification of
such other injuries in his amended complaint did not make the
pleading objectionable on the ground that it stated a new cause
of action.

Same—Federal Liability Act—Limitation—Amendment Relates Back
to Commencement of Action.
4.   Where an amended complaint in an action brought under the
federal Liability Act did not state a new cause of action, the
contention that the action was barred by the two-year limitation
prescribed therein is without merit, the amendment relating back
to the date of the commencement of the action unaffected by
the intervening lapse of time.

4.   Amending complaint after limitation period has expired so as
to come within the federal Employers' Liability Act as changing the
cause of action, see notes in Ann. Cas. 1914C, 1028; 8 A. L. R. 1405.

[63 Mont. 598.]

Same — Complaint — Amendment — Commencement of Action may be Shown, How.
    5. Where from the filing-mark on the original complaint in an action brought under the federal Employers' Liability Act it appeared that the action was commenced within the two-year period prescribed, it was sufficient as against the objection that the amended pleading did not affirmatively allege that it was commenced within that time.

Same—Instructions—Law of Case.
    6. An instruction on the measure of damages recoverable, not objected to, became the law of the case.

Same—Excessive Verdict—New Trial.
    7. *Held,* that a verdict for $15,000 for injuries to a locomotive engineer thirty years of age, caused by his jumping from his engine to avoid a collision and resulting in a condition generally known as "flat feet," not shown to be permanent or disqualifying him from following his vocation or some other profitable employment, *held* so excessive as to necessitate a new trial.

Same.
    8. Where an excessive verdict is not only unsupported by the evidence but manifestly contrary thereto, and can only be accounted for on the ground of passion and prejudice of the jury, a new trial must be granted, a reduction in the amount being permissible on appeal only where the excessiveness is the result of miscalculation.

*Appeals from Tenth Judicial District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by Martin J. Gillespie against the Great Northern Railway Company. From an adverse judgment and an order denying a motion for new trial, defendant appeals. Reversed and remanded.

*Messrs. Belden & De Kalb* and *Mr. I. Parker Veazey, Jr.,* for Appellant, submitted a brief; *Mr. Veazey* argued the cause orally.

The federal statute, under which this action is brought, provides that the rights given thereby must be asserted within two years after the cause of action accrued. This provision is not a defense to be pleaded by the defendant where the statute has not been complied with. It is not a statute of limitations; it is a provision imposing a condition upon the

7. Excessiveness of verdicts in actions for personal injuries other than death, see notes in Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916.

liability created by the statute—it is a condition to liability existing, and, if this condition is not complied with, the plaintiff has no cause of action. (*Atlantic Coast Line R. Co.* v. *Burnette,* 239 U. S. 199, 60 L. Ed. 226, 36 Sup. Ct. Rep. 75 [see, also, Rose's U. S. Notes]; *Vaught* v. *Virginia & S. W. R. Co.,* 132 Tenn. 679, 179 S. W. 314; *Morrison* v. *B. & O. R. Co.,* 40 App. Cas. D. C. 391, Ann. Cas. 1914C, 1026; *Shannon* v. *Boston & M. Ry. Co.,* 77 N. H. 349, 92 Atl. 167; *The Harrisburg,* 119 U. S. 451, 30 L. Ed. 358, 7 Sup. Ct. Rep. 140 [see, also, Rose's U. S. Notes]; *Dolenty* v. *Broadwater County,* 45 Mont. 261, 122 Pac. 919.) As this provision of the statute is a condition to the existence of liability, the plaintiff, in every, case, must in his complaint, in order to establish liability, allege that he has complied with this condition imposed by the statute. A complaint which fails to do so fails to show that liability exists and fails to state a cause of action and is, therefore, subject to a general demurrer. Such a fundamental allegation going to the very existence of the right given by the statute—such a condition to the liability created—cannot be left to surmise or innuendo, but must be directly charged in the complaint. (*Finn* v. *United States,* 123 U. S. 227, 37 L. Ed. 128, 8 Sup. Ct. Rep. 82 [see, also, Rose's U. S. Notes]; *A. J. Phillips Co.* v. *Grand Trunk W. R. Co.,* 236 U. S. 662, 59 L. Ed. 774, 35 Sup. Ct. Rep. 444.) The plaintiff cannot be content with the filing-mark on the complaint, which, of course, is mere evidence, and as such may be correct or incorrect, but must allege the fact in the complaint itself. (*Hopkins* v. *Butte Copper Co.,* 29 Mont. 390, 74 Pac. 1081; *Mattingly* v. *Lewisohn,* 8 Mont. 259, 19 Pac. 310; *Thornton* v. *Kaufman,* 35 Mont. 181, 88 Pac. 796.) The amended complaint constituted a new and different cause of action, and there is no authority in law for extending the office of an amendment in this way beyond its nature by filing not an amended pleading, but a substituted and new pleading. (*Union Pac. R. Co.* v. *Wyler,* 158 U. S. 285, 39 L. Ed. 983, 15 Sup. Ct. Rep. 877 [see,

also, Rose's U. S. Notes] ; *Kelly* v. *Northern Pac. Ry. Co.,* 35
Mont. 243, 88 Pac. 1009; see, also, *Bradley* v. *Chicago-Virden
Coal Co.,* 231 Ill. 622, 83 N. E. 424; *Gregory* v. *Chicago,
M. & St. P. R. Co.,* 42 Mont. 551, 113 Pac. 1123.)

In addition to the cases found in the note in L. R. A.
1915F, we refer to the following, where there was a flat
foot and there were no additional injuries, and in which
$3,000 was held excessive and reduced to $1,500 in one case,
and in another case $1,800 was held excessive. (*Pierce* v.
*Maine Cent. R. Co.,* 108 Me. 564, 83 Atl. 1103; *Ford* v.
*Metropolitan R. Co.,* 4 Ont. L. Rep. 29.) In another case
where, in addition to a flat foot, the left ankle was sprained,
a $4,500 verdict was reduced $2,000. (*Magnuson* v. *Mac-
Adam,* 77 Wash. 289, 137 Pac. 485 (decided in 1914).) In
the annuals succeeding this note are found two additional
cases, as follows: *Mallory* v. *Stoddard Const. Co.,* 183 Iowa,
881, 167 N. W. 610, in which $1,250 for displaced bone in
the arch of the foot was held not excessive, and in *Kusturin* v.
*C. & A. R. Co.,* 209 Ill. App. 55; affirmed, 287 Ill. 306, 122
N. E. 512, a judgment for $2,500 on *remittitur* for a flat
foot was held not excessive after being so reduced.

*Mr. E. K. Cheadle, Messrs. Devaney & Edwards* and *Mr.
W. W. Patterson,* for Respondent, submitted a brief; *Mr.
Cheadle* argued the cause orally.

Action not barred by statute of limitations. (*Flaherty* v.
*Butte Electric Ry. Co.,* 43 Mont. 141, 115 Pac. 40; *Texas
& N. O. R. Co.* v. *Clippenger,* 47 Tex. Civ. App. 510, 106
S. W. 155; *Martinson* v. *Chicago etc. R. Co.,* 102 Neb. 238,
166 N. W. 624; *Nash* v. *Minneapolis & St. Louis R. Co.,* 141
Minn. 148, 169 N. W. 540; *Milauskis* v. *Terminal R. Assn.,*
286 Ill. 547, 122 N. E. 78.)

Mistakes of a more serious character than those committed
here have been corrected by way of amendment long after
the statute of limitations has run. (*Clark* v. *Oregon Short*

*Line Ry. Co.,* 38 Mont. 177, 99 Pac. 298; sec. 6589, Rev. Codes 1907.)

It has been held that where recovery is sought under the federal Employers' Liability Act, the complaint may be amended after the statute has run by substituting as the party plaintiff the personal representative of the deceased for the individual for whose benefit the · action is being maintained. (*Missouri, K. & T. Ry. Co.* v. *Wulf,* 226 U. S. 570, 57 L. Ed. 355, 33 Sup. Ct. Rep 135 [see, also, Rose's U. S. Notes].)

The amendment to the complaint was made more than two years after the accident, but as this amendment does not change the original cause of action, the amendment relates back to the time of the institution of the action, which was less than two years after the accident. (*Eskelsen* v. *Union Pac. R. Co.,* 102 Neb. 423, 167 N. W. 408, 168 N. W. 366.)

Verdict justified by cases which have upheld verdicts for similar amounts for similar injuries. In *Campbell* v. *Bradbury,* 179 Cal. 364, 176 Pac. 685, the court held not excessive a verdict for $35,000 in favor of a young attorney whose ankles were crushed and whose feet were permanently injured. There were no other injuries. This attorney had an income of $9,000 a year and it appeared that notwithstanding these injuries, he was incapacitated only six months and could still do office work, though his ability to conduct a trial was impaired by these injuries.

In *Burnett* v. *Anderson* (Tex. Civ. App.), 207 S. W. 540, the court upheld a verdict for $10,000 in favor of a man sixty years old who received the following injuries: The arch of his foot was crushed and two or more of the bones in the arch were broken.

In every case referred to by counsel from the note in L. R. A. 1915F, with the exception of the last four cases, the court merely held that the verdict was not excessive. There is nothing in these cases to the effect that if the verdicts had been for larger sums, the court would have refused to uphold

them.   These four cases, as well as the cases thereafter cited, are easily distinguishable from the case here by reason of less serious injuries and very small earning·capacities.   In this same note we call attention to the following cases where verdicts for the same amount of the verdict here were held not excessive and the injuries were about the same as the plaintiff's, although the earning capacity was less: *Engler* v. *Western Union Tel. Co.,* 69 Fed. 185; affirmed, *Western Union Tel. Co.* v. *Engler,* 44 U. S. App. 517, 75 Fed. 102, 21 C. C. A. 246; *International & G. N. R. Co.* v. *Brandon* (a locomotive fireman), 37 Tex. Civ. App. 371, 84 S. W. 272; *Manning* v. *C. G. W. R. R.* (a locomotive fireman), 135 Minn. 229, 160 N. W. 787; *Western Union Tel. Co.* v. *Engler,* 75 Fed. 102, 21 C. C. A. 246 ($15,000); *Lannon* v. *City of Chicago,* 159 Ill. App. 595; *Chicago etc. Ry. Co.* v. *Smith* (Tex. Civ. App.), 197 S. W. 614; *Chicago etc. R. Co.* v. *Lynch,* 201 Fed. 70, 119 C. C. A. 408; and *Mississippi Cent. R. Co.* v. *Hardy,* 88 Miss. 732, 41 South. 505.

MR. JUSTICE FARR delivered the opinion of the court.

This action is to recover damages for personal injuries sustained by the plaintiff, an employee of the defendant as locomotive engineer, while in the course of his employment, in jumping from his engine in order to avoid an impending collision with another engine running in the opposite direction.   Defendant appeals from a judgment against it in the sum of $15,000, and from an order denying its motion for a new trial.

An amended complaint was filed by leave of court, and [1]   error is assigned with respect to the granting of leave to file this amended complaint and the refusal of the district court to strike it from the files, because of the claim that it is not in fact an amended complaint, but a substituted and new pleading, stating a new and a different cause of action. It will therefore be necessary to examine into the original

complaint and answer, and the proceedings leading up to the filing of the amended complaint.

The original complaint was drafted on the theory that the plaintiff was riding in the engine which was being run and operated by him at the time of the collision, and that he received his injuries while in the engine and as a result of the collision. Upon the issues raised by the original complaint and the answer thereto, the cause came on for trial in the district court with a jury on May 12, 1919, and the plaintiff was first sworn and gave testimony in his own behalf, from which it soon appeared that the plaintiff was not in his engine at the time of the collision as alleged in the complaint, but that, while operating the engine at the time and place stated in his complaint, he saw ahead of him on the track another engine proceeding on the same track towards his engine and about to collide therewith head-on; that he then set the brakes on his engine and took the steps which would cause his engine later to come to a stop as soon as possible, and he then jumped from his engine and was hurt, not while he was in the engine or in the collision between his engine and the other engine which thereafter occurred, but by coming in contact with the ground as a result of his jumping.

The defendant thereupon objected to the trial continuing any further, other than to render a judgment of dismissal on the merits, upon the ground that there was a fatal variance between the allegations and the proof. Before the court ruled, the plaintiff, confessing that there was a variance between the allegations and the proof, asked leave to file an amended complaint within a period of thirty days so as "to warrant the introduction of proof showing that defendant was responsible for any damages caused by plaintiff's said act of jumping and otherwise amending the complaint in such manner as the plaintiff might be advised." To this application defendant objected. The court then denied the motion for judgment and sustained the plaintiff's motion to amend. The

defendant saved an exception to the court's ruling, and this ruling is now assigned as error.

The answer to the original complaint admitted that "the defendant's servants and employees did wrongfully and negligently cause another train and engine * * * to collide with the engine and train in which the plaintiff was riding," and that plaintiff received some injuries by reason of which he was damaged. The district court, in our opinion, did not abuse its discretion in permitting the amended complaint to be filed, provided that by the amendment a new and different cause of action was not stated. While it does not appear why or how the erroneous statement that plaintiff was in the engine at the time of the collision came to be made, the fact is that the defendant in its answer virtually admitted this allegation, although it did not claim surprise by the proposed amendment. It is only fair to both parties, in view of the allegation of the complaint and the admission in the answer, to assume that counsel for both parties, for some reason, were mistaken as to the facts. The proper administration of the law requires that a legal controversy shall be determined upon its merits, and the courts are liberal in permitting amendments in order that the pleadings be made to conform to the facts as long as the cause of action remains the same, always, of course, upon such terms and conditions as may be fair and just to both parties.

Did the amended complaint state a new or a different cause of action from that set forth in the original? If it did, then the motion which was made to strike it from the files should have been granted. Defendant's argument is that the original complaint was based on so-called "common-law" duties, while the amended complaint asserts a statutory liability. By reference to the original and amended complaints, the following similarities will be observed: In both it is alleged that both plaintiff and defendant were engaged in interstate commerce at the time of the happening of the accident; in both the plaintiff brought himself within the pur-

view of the federal Employers' Liability Act (U. S. Comp.
Stats., secs. 8657–8665; 6 Fed. Stats. Ann., 2d ed., p. 280,
*etc.*); in both it is alleged that it was the duty of the de-
fendant to furnish and provide a reasonably safe place in
which the plaintiff might perform the work and services re-
quired of him, and to refrain from unnecessarily exposing or
subjecting the plaintiff to any unusual or unnecessary risk
or danger while in the discharge of his duties to the defend-
ant; in both it is alleged that the defendant, unmindful of its
duties, did wrongfully and negligently, while the plaintiff was
in the usual and ordinary discharge of his duties and em-
ployment, cause another train or engine, running in the op-
posite direction, to collide with the engine and train on which
plaintiff was employed. The material changes made in the
amended complaint are: The allegation that it was the duty of
the defendant to so operate, manage and control its trains
and locomotive engines as to prevent the same from colliding
one with the other; in alleging that the defendant wrong-
fully and unlawfully caused or permitted another train or
engine running in the opposite direction to collide with the
engine on which plaintiff was riding—and the statement that
it was done ''through its duly authorized employees, agents
and servants   *   *   *   while the plaintiff was in the exercise
of due care for his safety,'' is new, as are also the allega-
tions that plaintiff, as a result of defendant's negligence,
jumped from said locomotive, and that prior to the accident
he was keeping a lookout and did not, on account of the
condition of the fog prevailing, discover the presence of the
engine coming toward him until the same was only a short
distance away, and, believing his life and limbs to be in
imminent danger on account of the imminent collision, he
jumped to save himself, and that in jumping he acted as a
reasonably prudent or careful man would, under like circum-
stances. In both it was charged that the collision was due
to the wrongful act of the defendant in causing or permitting

another train or engine running in the opposite direction, to collide with the engine on which the plaintiff was riding.

The contention that the original complaint was based on a violation of common-law duties is without merit. The action is under the federal Employers' Liability Act. The state's Employers' Liability Act (Laws 1911, Chap. 29, p. 47) is in substance a copy of the federal Act. In this state there [2] is no common law in any case where the law is declared by the Codes or other statute. (Sec. 6213, Rev. Codes 1907; *Cornell* v. *Great Northern Ry. Co.*, 57 Mont. 177, 187 Pac. 902.)

The plaintiff had but one cause of action, namely, the wrongful act of the defendant in causing or permitting one of its engines or trains to move on the same track at the same time and in the opposite direction to the engine operated by plaintiff. The right of action was grounded on the defendant's permitting or causing the collision. There was but one reason for holding the defendant responsible for the injuries sustained by him. There was but one right of action, and it was in no way changed by the amended complaint. (*Moehlenbrock* v. *Parke Davis & Co.*, 141 Minn. 154, 169 N. W. 541.)

The fact, according to the amended complaint, that the defendant, in causing or permitting the collision, did so through its "employees, agents, and servants," does not change the situation. Obviously the defendant could only so act. However, no right of action is grounded on the manner in which the engineer on the other engine was running that engine.

Some contention is also made, but not seriously urged, that [3] the amended complaint contains allegations which were not in the original as to the nature and extent of the injuries sustained by the plaintiff. The original complaint, after enumerating the injuries received by plaintiff, concludes with the phrase "and otherwise injured." This averment was sufficient to admit in evidence the injuries more particularly enumerated in the amended complaint. (*Zanos* v. *Great*

*Northern Ry. Co.,* 60 Mont. 17, 198 Pac. 138; *Jenkins* v. *Northern Pac. Ry. Co.,* 44 Mont. 295, 119 Pac. 794.)

What has just been said disposes of defendant's contention [4] that, "because two years had elapsed from the time of the accident, * * * the assertion of a new cause of action set forth in the amended complaint is prohibited by the federal Employers' Liability Act, under which the action is brought." No new cause of action having been stated in the amended complaint, the amendment related back to the commencement of the action and was not affected by the intervening lapse of time. (*Seaboard Air Line* v. *Renn,* 241 U. S. 290, 60 L. Ed. 1006, 36 Sup. Ct. Rep. 567; *American Surety Co.* v. *Kartowitz,* 54 Mont. 92, 166 Pac. 685; *Clark* v. *Oregon Short Line Ry. Co.,* 38 Mont. 177, 99 Pac. 298; *Eskelsen* v. *Union Pac. Ry. Co.,* 102 Neb. 423, 167 N. W. 408, 168 N. W. 366.)

It is also urged that the amended complaint does not state [5] a cause of action, in that it fails to affirmatively allege that the suit was commenced within two years after the cause of action accrued. It is provided in section 6 of the federal Employers' Liability Act that no action shall be maintained under the statute unless commenced within two years from the day the cause of action accrued; and defendant contends that the plaintiff, in order to establish liability, must allege that he has complied with this condition imposed by the statute. In this state an action is commenced when the complaint is filed. (Sec. 9047, Rev. Codes, 1921.) The complaint must be signed and verified before filing. Plaintiff could not truthfully allege that the action had been commenced before he filed the complaint. We hold that it is sufficient if it appears from the original complaint, as it does, that the action has been commenced within the period provided by statute.

Finally, it is urged that the verdict in the sum of $15,000 is so excessive as to show that it was given under the influence

of passion and prejudice, thereby entitling the defendant to a new trial.

The defendant's answer to the amended complaint admitted [6, 7] that the collision was due to its negligence, and that because of the imminence of the collision the plaintiff jumped from his engine and was injured. The sole question, therefore, submitted to the jury was the amount of plaintiff's damages. Plaintiff was thirty years old at the time he sustained the injuries. The bones of the arch of each foot were injured. Whether fractured or crushed together does not clearly appear. The condition is permanent to the extent that there will always be some limitation of motion of both feet. The injury sustained has caused the plaintiff some considerable pain, but it was testified by plaintiff's own witnesses that these pains were not likely to continue. There is also an extra growth on the bottom of each heel. The injury does not entirely incapacitate. There is an impairment only of the ability to use the feet. It is conceded that plaintiff possesses the ability to be on his feet for considerable periods of time. The condition produced by the injury to his feet amounts to what is generally known as "flat feet," probably somewhat of an extreme case. Plaintiff complained of his nerves being affected and that he was in a general rundown condition physically. It does not appear that this condition will continue. There is no evidence that the condition of plaintiff's feet will in any manner affect any other bodily function. Plaintiff says that prior to the accident he had no imperfections in either foot. He also complained of an injury to his shoulder, but just what this injury was is not satisfactorily shown; there is no evidence that it caused him much pain or that it was of a permanent nature. The plaintiff testified in the case in chief that his average monthly earnings were $200. He was later called by the defense to identify pay checks for services covering the period of time from January, 1914, to March, 1917, and according to these his average monthly earnings were $141. If these were not all his pay

checks, as it is now contended by plaintiff, he raised no such issue in the trial court, as he might have done.

By the court's instructions, to which no objections appear in the record, the jury in awarding damages were confined to a consideration of three elements: Loss of wages for so long as plaintiff was incapacitated for labor; for any suffering and pain of body or mind; for any permanent disability it is certain the plaintiff has sustained. These instructions became the law of the case binding upon the parties and the jury. (*Chenoweth* v. *Great Northern Ry. Co.,* 50 Mont. 481, 148 Pac. 330.) Plaintiff himself testified that the condition of his feet and his inability to be on them for any considerable period of time would be a serious handicap to his following his usual work as a locomotive engineer, but no other witness so testified. On the contrary, it is in evidence that flat feet are not a disqualification and do not impair a man's ability as an engineer; that in fact there were then employed on that same division of the defendant railway company four engineers working regularly who had each lost a foot.

As to the element of permanent disability, there is not any evidence that would support a conclusion that the injuries are at all certain to be permanent to the extent of disqualifying plaintiff from following either his usual work or some other profitable employment.

We have examined with care all those cases cited by plaintiff, and in each the injuries were much more severe than in the instant case. The amount returned by the jury is far in excess of any verdict ever sustained for a like injury to a man similarly situated, so far as disclosed by any case called to our attention.

In 16 Am. & Eng. Ann. Cas., pages 1 to 56, and in L. R. A. 1915F, pages, 30 to 516, are contained a collection of the cases where appellate courts have passed upon the amount of damages awarded in personal injury suits. These reported cases, as said by this court in *Chenoweth* v. *Great Northern Ry. Co., supra,* are useful as indicating a consensus of opinion

as to what constitutes a fair compensation for a personal injury under a given set of circumstances. This case does not present simply a question of conflicting evidence as to the character or extent of plaintiff's injuries, but, giving to all the evidence the construction most favorable to the plaintiff, we are forced to the conclusion that it does not justify such a high award of damages.

The verdict of a jury is entitled to great weight when rendered on evidence reasonably sufficient to sustain it, but **[8]** when rendered contrary to the evidence, or against the great preponderance of the evidence, it becomes the duty, not merely the right, of the court to set it aside, reluctant though we are to grant a new trial on that ground alone. (*Wegge* v. *Great Northern Ry. Co.*, 61 Mont. 377, 203 Pac. 360.) If the excessiveness of the verdict could be accounted for on any ground other than passion or prejudice, a new trial would not be granted, but the verdict would be reduced. Only when it is clear that the excessiveness of the verdict is a result of miscalculation, as is sometimes the case, should a court reduce it. (*Hall* v. *Northern Pac. Ry. Co.*, 56 Mont. 537, 186 Pac. 340.) The matter of ascertainment of damages in a personal injury action is essentially a question for the jury, and this court should not be called upon to take the place of a jury in fixing the amount of plaintiff's recovery in any given case. The verdict of the jury is not only unsupported by the evidence, but is manifestly contrary thereto; therefore it must have been given under the influence of passion or prejudice, requiring a new trial upon the one question, the amount of damages sustained by the plaintiff.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, being himself disqualified, takes no part in the foregoing decision.