OLIVER WALLERICK v. McGILL-WARNER COMPANY
AND ANOTHER.[1]

January 19, 1923.

No. 23,274.

**Damages for false imprisonment not excessive.**

In an action for false imprisonment the evidence is *held* to support the verdict, and that there was no abuse of discretion on the part of the trial court in denying a new trial on the ground of excessive damages.

Action in the district court for Ramsey county to recover $5,000 for false imprisonment. The case was tried before Hanft, J., who before the introduction of any testimony overruled defendants' objection to the introduction of any testimony, and a jury which returned a verdict for $2,500. From an order denying their motion for a new trial provided plaintiff consented to a reduction of the verdict to $1,000, defendants appealed. Affirmed.

*O'Brien, Stone, Horn & Stringer*, for appellants.

*T. P. McNamara* and *F. R. Poppe*, for respondent.

BROWN, C. J.

Action for false imprisonment in which plaintiff had a verdict and defendants appealed from an order denying a new trial.

It is contended by defendants in support of the appeal that the evidence fails to support the verdict, and that the damages awarded by the jury are grossly excessive, influenced by passion and pre-

[1]Reported in 191 N. W. 604.

judice to such an extent as to require a new trial in the interests of justice.

The controversy arises in a measure out of the printers' strike, in full swing and effect in St. Paul at the time in question. It appears that defendant McGill-Warner Company, a corporation, owns and operates a large printing establishment in that city. Its employes, at least a large portion thereof, had joined the strike and were active in efforts to make it successful. A number of non-union printers and typesetters had been employed to take the place of the strikers, for whose protection from violence at their hands, or at the hands of sympathizers, defendant had undertaken to convey them by automobile to and from their homes or lodging places. Defendant Earle Warner was engaged in that service at the time, and claims to have experienced difficulty by obstructive tactics placed in his way by strikers and their friends. It is claimed further, and herein is the basis of the arrest of which complaint is made, that plaintiff was engaged with some of the strikers or their friends in a conspiracy to assault and inflict injury to one or more of the non-union printers so in the employ of defendant, and, in furtherance thereof, that plaintiff attempted to aid one of the strikers to make his escape from the place of the contemplated assault. Plaintiff denied all connection with strike or strikers, or that he in any way aided or attempted to aid in the escape of the striker referred to. The question of the alleged conspiracy and plaintiff's connection therewith was submitted to the jury, and their verdict exonerates him from the charge.

1. We have examined the record with care and find therein evidence to sustain the verdict in the respect stated. From the viewpoint of the evidence presented by plaintiff, he had no connection with the alleged conspiracy, and was in the position at the time of an indifferent bystander. On the other hand, the evidence submitted by defendants tends fairly on its face to establish his relation to the strikers as an aid in furtherance of their interests. The verity of the evidence was for the jury, as well as the credibility of the several witnesses. And, with plaintiff relieved by the verdict from the conspiracy charge, his arrest, ordered by defendant Earle

Warner, was illegal and unauthorized. We do not discuss the evi‑ dence; it would serve no useful purpose. It is sufficient that we have read it with the result stated.

2. The jury returned a verdict for $2,500. This the court below ordered reduced to $1,000, as a condition to a denial of a new trial. Plaintiff accepted the condition and filed proper consent to the re‑ duction with the court below. The point most strenuously urged in this court by defendants is that the verdict as to damages was influenced by passion and prejudice, which so permeated and en‑ tered into the other issues in the case as to call for an application of the rule stated in Craig v. Cook, 28 Minn. 232, 9 N. W. 712, fol‑ lowed and applied in Goss v. Goss, 102 Minn. 346, 113 N. W. 690, and an unconditional new trial. We are unable to concur in that view of the case.

The action is not one to excite the passions of the jury to a point beyond control, and, although their allowance of damages was quite liberal, the situation is not substantially dissimilar to that presented in other cases, where the same contention has been made and not sustained. The amount of the reduction in the verdict is not the test in determining whether there was a proper exercise of the judicial discretion in the premises, but rather the situation of the parties, the nature of the grievance complained of, and the conduct of the parties or their counsel, as well as the events happening on the trial having a tendency to arouse feelings of resentment or naturally to create prejudice against the party ultimately losing the suit. This is illustrated by our decisions in Germann v. Great Northern Ry. Co. 114 Minn. 247, 130 N. W. 1021; Roemer v. Jacob Schmidt Brewing Co. 132 Minn. 399, 157 N. W. 640, L. R. A. 1916E, 771, and other cases not necessary to cite.

In Faunce v. Searles, 122 Minn. 343, 142 N. W. 816, there was a reduction of $3,250 from a verdict for $5,750. It was sustained. In Craig v. Cook, 28 Minn. 232, 9 N. W. 712, the reduction was 75 percent of the recovery. In Grant v. Minneapolis, St. P. R. & D. Elec. T. Co. 136 Minn. 155, 161 N. W. 400, reduction of $10,000 was ordered from a verdict of $17,500, a part thereof being by order of this court. Other instances of substantial reductions, in percentage

in excess of that at bar, have been upheld as within the rule guiding this court in such cases. Ehrler v. Chicago, B. & Q. R. Co. 137 Minn. 245, 163 N. W. 506; York v. York, 146 Minn. 442, 179 N. W. 212. We therefore find no abuse of discretion in the order appealed from and it must be and is affirmed.

It is so ordered.