## W. H. ARRELL v. C. W. DAVIES AND ANOTHER.[1]

June 10, 1927.

No. 26,089.

**Reduced verdict for personal and property injury sustained.**

A verdict of $17,390, reduced by the trial court to $10,390, is not so excessive as to warrant this court in interfering, it appearing that at the time of the trial, about 16 months after he was injured, plaintiff had lost approximately $3,390 in wages, damage to property, and the expense of medical attention, and that the injuries had greatly and permanently impaired the usefulness of his right hand and had affected the left hand and his shoulders to such an extent as to disable him, up to the time of the trial, from doing any work whatever.

Damages, 17 C. J. p. 1103 n. 49.
New Trial, 29 Cyc. p. 839 n. 91; p. 841 n. 92; p. 1022 n. 31.
See note in L. R. A. 1915F, 30, 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 521.

Defendants appealed from an order of the district court for Hennepin county, Bardwell, J., denying their motion for a new trial. Affirmed.

[1]Reported in 214 N. W. 287.

*Cobb, Wheelwright, Hoke & Benson, Tracy J. Peycke,* and *Anthony T. Grotte,* for appellants.

*Fred A. Ossanna, Edward P. Kelly, Stanley S. Gillam,* and *T. L. Todd,* for respondent.

LEES, C.

Injured in an automobile accident, the respondent brought suit for damages and recovered a verdict of $17,390. A motion for a new trial was denied on condition that he consent to a reduction of the verdict to $10,390. Such consent was filed and the case comes here on appeal from the order.

The sole reason for asking for a reversal is that the verdict is excessive and must have been given under the influence of passion and prejudice.

Respondent's injuries were received when a Ford car he was driving was struck by an automobile driven by one of the appellants. The left front side of the car was struck in such a manner that a section of the rim of the steering wheel was broken out as respondent held it. The car was not tipped over and respondent was not thrown from his seat, but the shock of the impact was transmitted through the steering wheel to respondent's arms and body. The metacarpal bone of his right index finger was cracked, and his left hand, chest and one of his shoulders bruised. At the time of the trial the control of all the fingers of the right hand was somewhat impaired and there was a deformity of the wrist and a shrinkage of the muscles, and the left hand was still swollen. The ability to move the broken finger was reduced 75 per cent and the ability to flex the wrist 50 per cent. There was evidence that the disability of the right hand would be permanent. In addition to these conditions, the respondent was suffering, at the time of the trial, from arthritis of the shoulders and spine. It was admitted that the arthritis of the spine had its origin in an infection of some sort, but it is claimed that the accident aggravated the disease.

Respondent received medical treatment from the time of the accident to the time of the trial, a period of about 16 months. Before

the accident he earned $200 a month. Since then he has been unable to do any work whatever. His loss of earnings is about $3,000, and the damage to his automobile and expense of medical attention amount to $390.

This is not a case where the only substantial evidence of injury is the word of the patient. There were external evidences of injury. The fact that the court made so large a reduction of the verdict is some indication that the jury was not in a judicial frame of mind when it awarded the damages. There is little convincing evidence that the arthritis of the back as now manifested is due in any degree to the injury. That may be the reason for the reduction of the verdict. It has been held that when a verdict is excessive and it is probable that the jury were influenced by passion and prejudice in the determination of other issues, a new trial should be granted; but, where the only complaint is that the verdict is excessive, it is within the discretion of the trial court to deny a new trial on condition that the prevailing party submit to a reduction. Larson v. Wisconsin Ry. L. & P. Co. 138 Minn. 158, 164 N. W. 666.

In recent cases we have frequently stated the rule by which we are guided in reviewing a denial of a new trial based on the ground that the verdict is excessive. See Gibson v. C. G. W. R. Co. 117 Minn. 143, 134 N. W. 516, 38 L. R. A. (N. S.) 184, Ann. Cas. 1913C, 1263; Ott v. Tri-State Tel. & Tel. Co. 127 Minn. 373, 149 N. W. 544; Quinn v. C. M. & St. P. Ry. Co. 162 Minn. 87, 202 N. W. 275, 46 A. L. R. 1228; Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533; Letnes v. Davis, supra, page 399. We think that this is a case in which we would not be justified in interfering with the action of the trial court.

Order affirmed.