# ALBERT COX v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

February 21, 1929.

No. 27,053.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*Tautges, Wilder & McDonald,* for respondent.

OLSEN, C.

Appeal by defendant from an order denying its motion for a new trial.

The case was here before and is reported in 173 Minn. 239, 217 N. W. 128. At the first trial the plaintiff obtained a verdict for $15,000. On appeal this court held that the evidence as to the extent and duration of the injuries was unsatisfactory and that the verdict was excessive and appeared to have been given under the influence of prejudice. A new trial was granted on the issue of damages only. On the second trial, on substantially the same evidence, the jury returned a verdict of $16,000. The appeal presents the question whether this verdict is so excessive as to require a new trial or a reduction of the verdict.

As a result of the accident plaintiff has a moderate degree of flat feet. There was no breaking or displacement of any of the

[1]Reported in 223 N. W. 675.

bones in the feet so far as disclosed by examinations or X-ray plates. There was some lowering and flattening of the arches of the feet, causing pain in walking and at times some swelling. The lowering of the arches may be permanent. It is difficult to see from the evidence any reason for continuance of much pain or inconvenience from the condition.

Plaintiff complains of pain in other parts of the body, headaches, and some other difficulties. The connection of these present complaints, with the accident is not apparent. He complains of some pain or soreness of the muscles in the region of the left hip. X-ray plates of the lower back and spine disclosed no injuries there.

The new evidence on the second trial consisted of a showing that, during the period of a year and four months since the first trial, there had been some slight improvement, but not as much improvement as the plaintiff's doctors had expected; and the evidence of Dr. Hare, who was not a witness at the first trial, that, because of the complaint and symptoms of pain in the back and over the left hip, he believed there was some permanent injury to the lower back. The opinion of the doctor as to that, being based largely upon subjective complaints of pain and without any objective evidence of any injury, appears too speculative to base thereon any large recovery.

For a further statement of facts reference is made to our former decision.

We follow the rule here that where one verdict has been set aside as excessive this court will exercise great caution in setting aside or reducing a second verdict as excessive. Halness v. Anderson, 110 Minn. 204, 124 N. W. 830; Ott v. Tri-State T. & T. Co. 127 Minn. 373, 149 N. W. 544.

The verdict will not be set aside here unless it clearly appears that the trial court abused its discretion in denying a new trial, and the damages are so large as to indicate passion or prejudice and cannot be accounted for except upon the theory that the proper fair-mindedness was wanting. Halness v. Anderson, 110 Minn. 204, 124 N. W. 830; Gibson v. C. G. W. R. Co. 117 Minn. 143, 134 N. W. 516, 38 L.R.A.(N.S.) 184, Ann. Cas. 1913C, 1263; Ott v. Tri-State T.

& T. Co. 127 Minn. 373, 149 N. W. 544; Quinn v. C. M. & St. P. Ry. Co. 162 Minn. 87, 202 N. W. 275, 46 A. L. R. 1228; Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533.

The granting of one new trial on the ground that the verdict was excessive does not however end the discretion of the trial court nor relieve this court of the duty of reviewing the exercise of such discretion. If the amount of the verdict is so excessive as to warrant no other reasonable conclusion than that it was the result of passion or prejudice, it is the duty of the court to set it aside, notwithstanding the fact that it is a second verdict. Peterson v. Western Union Tel. Co. 65 Minn. 18, 67 N. W. 646, 33 L. R. A. 302; Bathke v. Krassin, 78 Minn. 272, 80 N. W. 950; Fischer v. Sperl, 100 Minn. 198, 110 N. W. 853.

The verdict here in question is to be considered under these rules.

Comparison of this verdict with others, either sustained or reduced by this court in recent years, while not controlling, may throw some light upon the question. Comparing this verdict with those sustained in Arrell v. Davies, 171 Minn. 472, 214 N. W. 287, and Kline v. Byram, 172 Minn. 284, 214 N. W. 890, it is quite evident that the recovery in each case was for a substantially less amount for injuries much more serious than in the present case.

Ehrler v. C. B. & Q. R. Co. 137 Minn. 245, 163 N. W. 506, and Kowalski v. C. & N. W. Ry. Co. 159 Minn. 388, 199 N. W. 178, are cases where verdicts of substantially the same amount as in the present case were reduced by this court, although the injuries there shown appear much more serious.

Flanery v. C. M. & St. P. Ry. Co. 158 Minn. 384, 197 N. W. 747, is a case where a verdict, reduced by the trial court to $6,000, was set aside by this court as excessive, although there was serious injury to one foot which incapacitated a section man from further work in that capacity.

Cases of earlier dates have little bearing on the question because of the well known fact that the purchasing value of money has greatly decreased.

That prejudice may more readily creep into a case of this kind than in an action between neighbors or local residents is fairly

indicated by the history of litigation and the experience of courts. The errors assigned are that the verdict is not justified by the evidence, and that the damages are excessive and appear to have been given under the influence of passion and prejudice. In addition to the size of the verdict, the record may be looked into to ascertain whether anything appearing therein was likely to cause prejudice in the minds of the jurors or mislead them. The court correctly gave to the jury the general rule that the measure of damages was such sum in money as would fully and fairly compensate the plaintiff for the injuries he had sustained. It then enumerated, as elements or items to be taken into account in determining the amount to be awarded, loss of time, loss of earnings, pain and suffering up to the time of trial, and such pain and suffering, loss of time, disability and loss of earnings and wages as it should appear to the jury to a reasonable certainty from the evidence the plaintiff would suffer and sustain in the future. Loss of time and loss of earnings, as covering the same period of time, are a duplication. Loss of time, as measured by loss of earnings or wages, may be a proper item of special damages, but it would not seem that both loss of time and loss of earnings or wages, treated as separate items and covering the same period of time, should be allowed.

Later in the charge the court said that it was the duty of the jury to consider the extent to which his injuries had impaired or lessened plaintiff's ability to work and earn money, and determine the extent to which he had been damaged on that account; and further stated that plaintiff was "also" entitled to recover the amount of such earnings or wages as he had lost up to the time of trial and also the present worth of the total amount of such earnings or wages as it was reasonably certain he would lose in the future. Here again the jurors were directed to award damages both for loss of earning capacity and for loss of earnings or wages covering the same period of time.

The jurors were also instructed that they were to take into consideration the pain and suffering, both mental and physical, which plaintiff had endured up to the time of trial and such as he would

endure in the future. So far as appears, there was no basis for any recovery on the ground of mental, as distinguished from physical, pain and suffering.

The court charged that plaintiff claimed damages in the sum of $40,000. In a later paragraph of the charge, the jurors were told to return a verdict for such sum in damages as they found from the evidence the plaintiff had sustained, "not exceeding however the sum claimed in the complaint, which is $40,000." Again, in a later paragraph, they were told to determine the amount of damages sustained, "not exceeding however the sum claimed in the complaint."

As a general rule, no useful purpose is served by stating and repeating in a charge to the jury the excessive sum claimed by a plaintiff in a personal injury suit, nor is there, except in rare cases, any necessity for telling the jury that their verdict cannot exceed the sum so claimed. The tendency of repeated statements of that kind is to create the impression that any verdict up to the limit so stated is permissible under the evidence in the case.

The references here made to the charge are not for the purpose of pointing out errors therein. No errors in the charge are assigned. The purpose here is to ascertain some basis from which prejudice and an excessive verdict might result.

If this jury acted upon the belief that they were to award damages for loss of earning capacity, for loss of time and for loss of earnings or wages, all covering the same period of time, and were also to award damages for mental as well as physical pain and suffering, then the verdict was given under the influence of prejudice, and it is not difficult to account for the result. The record shows opportunity for prejudice, and the size of the verdict indicates prejudice.

It is the rule in this state and in many of the states that an excessive verdict appearing to indicate prejudice or passion on the part of the jury may be cured by a proper reduction without a new trial, so long as the prejudice or passion is not shown to have affected the decision of the jury upon the other issues in the case. Goss v. Goss, 102 Minn. 346, 113 N. W. 690, and cases there cited; Johnson v. G. N. Ry. Co. 107 Minn. 285, 119 N. W. 1061; Wallerick v. Mc-

Gill-Warner Co. 154 Minn. 341, 191 N. W. 604; note 2, 39 L.R.A. (N. S.) 1083; 53 A. L. R. note pp. 791, 792.

This appears to be such a case. There is nothing shown in the record indicating or tending to cause prejudice on the part of the jury on issues other than the amount of damages.

There should not be another trial if it can be avoided, and a conditional reduction of the verdict to $12,000 is granted.

New trial denied on condition that within ten days after the filing of the remittitur in the district court the plaintiff file written consent in that court to the reduction of the verdict to $12,000. Otherwise a new trial is granted.

Affirmed on condition.

WILSON, C. J. and DIBELL, J. (dissenting).

We do not think the verdict should be reduced and therefore dissent.